No. 44,152

H. L. WAGNER, *Appellant*, v. JOHN F. MAHAFFEY, *Appellee*.

(408 P. 2d 602)

Opinion filed December 11, 1965.

*Harold L. Wagner*, of Coffeyville, was on the brief for the appellant.

*Roy Kirby*, of Coffeyville, was on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: This is an appeal from a summary judgment entered by the trial court in favor of defendant (appellee) in a declaratory judgment action challenging the constitutionality of subsection (*d*) of K. S. A. 60-2310.

Appellant H. L. Wagner, hereinafter referred to as plaintiff, in

his capacity as a bill collector, as he styles himself in his petition, purchased from the receiver of a defunct credit union in Coffeyville a promissory note, payable to the credit union and executed by the defendant, John F. Mahaffey. The note was reduced to judgment by the plaintiff in the Court of Coffeyville and thereafter he threatened garnishment process against defendant's wages. The defendant, through his attorney, directed plaintiff's attention to the statute and informed him that if garnishment process were issued suit for wrongful garnishment would be filed against him. Thereafter the plaintiff, *pro se,* filed the instant action in the District Court of Montgomery County, Kansas.

The defendant filed a motion for summary judgment on the grounds that the petition showed the defendant was entitled to judgment as a matter of law.

The motion was set for hearing and argued to the trial court by defendant. The plaintiff filed a memorandum in opposition to the motion but did not appear for argument. The trial court sustained the motion and entered judgment for defendant. Whereupon the plaintiff perfected this appeal. The appeal has been submitted to this court on the record and briefs of both parties, neither party appearing for argument.

The journal entry of judgment of the trial court does not reflect the basis of the trial court's ruling but merely directs that judgment be entered in favor of defendant. The defendant supports his motion for summary judgment on the grounds that the petition did not state a proper case for declaratory judgment in that it failed to present a justiciable issue within the requirements of the declaratory judgment statute (K. S. A. 60-1701) and in the alternative that subsection (d) of section 60-2310 K. S. A. is constitutional.

Both propositions are considered in this opinion.

Our attention is first directed to the question of whether or not the petition sets out a proper case for declaratory judgment. Article 17 of the new Kansas Code of Civil Procedure authorizing declaratory judgments replaces G. S. 1949, 60-3127 to 60-3132c, the prior law. Jurisdictional requirements for declaratory judgment actions are set out in K. S. A. section 60-1701 which replaces G. S. 1949, 60-3127. The only change made is the specific inclusion of "express trusts" in 60-1701 which had been omitted in 60-3127, the effect being to eliminate the necessity for section 60-3132a of the prior act dealing with express trusts. Such change is irrelevant to

our consideration in this case. It is also to be noted that G. S. 1949, 60-3128, providing for procedure in declaratory judgment actions has been replaced by the enactment of K. S. A. 60-257, the substance of which is merely that procedure for obtaining a declaratory judgment shall be in accordance with the provisions of the rules of civil procedure set out in Article 2 of the new code.

Since K. S. A. 60-1701 specifically includes controversies involving the validity or interpretation of statutes, it follows that the only issue to be resolved in our consideration here is whether or not appellant's petition contains sufficient allegations of fact to indicate the existence of an actual controversy. At this point we find it necessary to quote portions of plaintiff's petition in the court below pertinent to the issue now under consideration.

"(a) This action is filed pursuant to the provisions of Article 17 and Section 60-257, revised code of civil procedure, for the purposes of securing plaintiff's constitutional rights and his statutory right of garnishment. Plaintiff seeks a declaration that Section 60-2310 (d), revised civil code, is unconstitutional and void.

"(b) Plaintiff has a valid judgment, predicated on a promissory note, against the defendant in the Court of Coffeyville, Montgomery County, Kansas, Case No. 83-93; and plaintiff desires to execute this judgment through the process of garnishment but such execution is denied by the discriminatory operation of Section 60-2310 (d), revised civil code, causing the judgment to lose its value.

"(c) Plaintiff claims his rights under Chapter 61, Article 4, General Statutes, 1949, to garnishee the wages, bank funds and other credits of the defendant in the execution of said judgment.

"(d) Defendant contends that Section 60-2310 (d), revised code of civil procedure, bars the plaintiff from garnishment in Case No. 83-93.

"(e) Defendant's attorney notified plaintiff in writing as follows: 'Please be advised that if garnishment process is issued through your efforts, seeking to attach Mr. Mahaffey's wages, suit will be instituted against you for wrongful garnishment.'

"(f) An actual controversy exists between the parties herein as shown by defendant's letter which is attached hereto, marked Exhibit A, and made a part hereof by reference.

"Plaintiff complains against the unconstitutionality of Section 60-2310 (d) which reads as follows:

"Section 60-2310

"Revised code of civil procedure

"Exemptions of Personal Earnings of Heads of Family

"(d) Assignment of account. If any person, firm or corporation sells or assigns his account to any person or collecting agency, or sends or delivers the same to any collector or collecting agency for collection, then such person, firm or corporation or the assignees of either, shall not have nor be entitled to the benefits of garnishment."

It is well established in this jurisdiction that even in declaratory judgment actions involving the validity of a statute there must be an actual controversy between the parties. Courts will not render advisory opinions on abstract questions of law about which there is only a disagreement rather than an actual controversy between the parties. (*West v. City of Wichita,* 118 Kan. 265, 234 Pac. 978; *State Association of Chiropractors v. Anderson,* 186 Kan. 130, 348 P. 2d 1042; *Riley v. Hogue,* 188 Kan. 774, 365 P. 2d 1097.)

An analysis of the petition filed in this case, however, reveals that there is more involved than merely a difference of opinion as to the validity of the statute in question. The plaintiff alleges he desires to execute on his judgment against defendant through the process of garnishment; but defendant's attorney has notified him that if such garnishment process is issued suit will be instituted by him for wrongful garnishment. These allegations, which are admitted on a motion for summary judgment, place the plaintiff in the position of exposing himself to suit for wrongful garnishment by pursuing the garnishment process or, in the alternative, asking for prior determination by way of declaratory judgment such as was his choice in this case. Under the facts alleged in the petition we find the dispute between the parties as to the constitutionality of the statute in question amounts to a justiciable issue within the requirements of the declaratory judgment act.

In considering this matter we have noted a number of decisions of this court indicating that under the previous code of procedure a demurrer would not lie to a petition for a declaratory judgment if the petition showed that an actual controversy existed. The rule being that if an actual controversy is alleged in a petition for a declaratory judgment it is the duty of the district court to overrule the demurrer to the petition and proceed with the case in accordance with the provisions of the act. (*Huber v. Schmidt,* 188 Kan. 36, 360 P. 2d 854 and cases cited therein.)

Under the procedure of the revised code (K. S. A. 60-257) declaratory judgment actions are subject to the same rules as other cases, including the right of discovery and motion for summary judgment.

In the case before us, the facts are undisputed and the sole and only question is one of law; thus an issue is framed that may be wholly and finally resolved on a motion for summary judgment.

Since we have concluded that the petition states a cause of action

for declaratory judgment and the order of the trial court in sustaining the motion for summary judgment was so decisive as to be considered a final determination we shall next consider the validity of the statute challenged in this action.

At the outset it is noted that both parties consider the change in language of K. S. A. 60-2310 (d) to amount to an alteration in meaning from that of the previous law. We do not accept this interpretation. Section 60-2310 pertaining only to exemptions of personal earnings of heads of family replaces G. S. 1949, 60-3495. The changes are minor in substance; and as to subsection (d) of section 60-2310, which was the fifth proviso of G. S. 1949, 60-3495. The only change was the substitution of the word "garnishment" for "this act," the last two words of the previous law. A literal interpretation of the present subsection (d) results in the exemption not only of personal earnings but of all credits and property of a debtor from garnishment by an assignee of an account or by a collection agency having it for collection. The imputing of such force to subsection (d) results in a glaring inconsistency with other subsections and the purpose as stated in the heading of section 60-2310. We are constrained to harmonize subsection (d) with the heading and other subsections of 60-2310 by ascribing to it the same force and effect of the previous law.

Judge Gard, in discussing the change of subsection (d) at page 794 of his Kansas Code of Civil Procedure, comments that subsection (d) goes further than the former statute but he further states:

"The recommendation of the Kansas Judicial Council as to this subsection was that the provision of the former statute be clarified but retained, thus limiting the restraint to wages as was intended under the former law adopted in 1913."

As stated by Judge Gard, the recommendation of the Kansas Judicial Council was to clarify but retain the provision of the former statute. We believe the intention of the legislature was the same.

This court has always approached questions challenging the constitutionality of a statute with a disposition to determine them in such a manner as to sustain the validity of the enactment in question. (Berentz v. Comm'rs of Coffeyville, 159 Kan. 58, 152 P. 2d 53; Felten Truck Line v. State Board of Tax Appeals, 183 Kan. 287, 327 P. 2d 836.) In other words, a construction which supports a statute is preferred to one which destroys it. (Kaw Valley Drainage Dist. v. Zimmer, 141 Kan. 620, 42 P. 2d 936.)

It must be conceded that K. S. A. 60-2310 (d), literally construed and standing alone, does preclude the right of garnishment generally to assignees of accounts and collection agencies. This court, however, is not obliged to adhere to a literal construction when in our judgment such interpretation is not in harmony with the intent of the legislature. A particular paragraph of a statute should not be given an arbitrary construction according to the strict letter but rather it should be reasonably construed with reference to the essential purpose of the entire statute. In *State v. Sumner,* 169 Kan. 516, 520, 219 P. 2d 438, we said:

"When the interpretation of a statute according to the exact and literal import of its words would contravene the manifest purpose of the legislature, the statute should be construed according to its spirit and reason, disregarding so far as may be necessary, the strict letter of the law. (*Clark v. Murray,* 141 Kan. 533, 41 P. 2d 1042.) The same rule, of course, applies to various sections of the same act."

The statute in question is a subsection of section 60-2310, which is designated "Exemption of personal earnings of head of family." 60-2310 is a section of Article 23, designated "Exemptions," all enacted as a part of chapter 60 of the Revised Code of Civil Procedure. To retain the language "benefits of this act," literally construed, would have denied the benefits of the entire Code of Civil Procedure to the assignee of an account as the word "act" encompassed the entire code. The use of the word "article" likewise would have been too broad because Article 23 deals with exemptions generally while section 60-2310 has to do only with exemptions of personal earnings of heads of family. Since a change in language of the phrase in question was necessary for the clarification, it is our view that the word "garnishment" was substituted by the legislature with the intention that it would apply only to exemption of personal earnings of heads of family as stated at the beginning of section 60-2310. The legislative intention which we have ascribed is further borne out by the provisions of subsection (f) of section 60-2310, the last subsection thereof, which reads:

"*Restrictions on application.* Nothing herein shall be construed as exempting any of the earnings of any debtor who is not the head of a family dependent wholly or in part upon him for support."

It is our view that the exemption of assigned accounts from garnishment by the holder thereof was intended to apply only to personal earnings of heads of family. The legislature intended

that the provisions of the old code be retained but be·clarified so as to harmonize with the effect of reenactment.

The constitutionality of the previous statute, G. S. 1949, 60-3495, was attacked on grounds similar to those urged by plaintiff here in the case of *Miller v. Keeling*, 185 Kan. 623, 347 P. 2d 424. Syllabus 1 reads as follows:

"The provision of our statute (G. S. 1949, 60-3495) which precludes garnishment of a portion of the earnings of a judgment debtor in the manner and under the conditions set forth in such section, where the creditor sells, assigns, sends or delivers the account to a collector or collection agency for collection, is not invalid as being violative of the 'equal protection of the laws' clause of the fourteenth amendment to the federal constitution or of section 1 of the bill of rights of the Kansas constitution."

The appellant in this case centers his argument for unconstitutionality on the claim that subsection (*d*) is discriminatory and does not have a uniform operation throughout the state as required by article 2, section 17 of the Kansas constitution. Article 2, section 17 was not specifically referred to in *Miller v. Keeling*, supra; however, we think the language used therein not only applies but entirely resolves questions raised by appellant here. We stated, commencing at page 627 of the opinion:

"We think it may not be said the statute creates an arbitrary and unreasonable classification resulting in unequal protection of the laws. In fact, under and by virtue of its very provisions, the remedy of garnishment is made available to all creditors—provided they observe its terms. The choice is theirs. The general rule is that exemption laws are to be liberally construed in favor of those intended to be benefited and favorable to the objects and purposes of the enactment (22 Am. Jur., Exemptions, § 6, p. 9; *Mallory v. Berry*, 16 Kan. 293; *Dowd v. Heuson*, 122 Kan. 278, 280, 252 Pac. 260, 52 A. L. R. 823), and, with respect to the exemption of wages or earnings, it has been said that the purpose of such exemption is to protect a class of persons who are largely dependent on their wages for support, as well as their families and dependents who look to them for a living, and that such a statute should receive a liberal construction rather than one which would defeat the benevolent object aimed to be accomplished (22 Am. Jur., Exemptions, § 64, p. 56). In enacting the specific proviso in question perhaps the legislature had in mind to protect the dependents of wage earners from repeated harassment by 'professional collection agencies.' Be that as it may—it was within the province of the legislature to enact the proviso, and it is not invalid on either of the grounds asserted."

Under our construction of the language of subsection (*d*) there *is* no merit to appellant's argument of a violation of the require-

ments of section 16, article 2 of the Kansas constitution relating to subject and title of bills.

We adhere to our former ruling in *Miller v. Keeling,* supra, as to the validity of the statute in question.

In conformity with the views stated herein the judgment of the district court is therefore affirmed.

It is so ordered.