No. 47,019

CITIES OF OBERLIN, STOCKTON, SAINT FRANCIS, SHARON SPRINGS, OAKLEY and COLBY, KANSAS, Municipal Corporations; CRA, INC.; CARGILL, INC.; DELORE DIVISION OF N. L. INDUSTRIES; WESTERN PLAINS IRRIGATION ASSOCIATION; and LADDER CREEK IRRIGATION ASSOCIATION, *Appellants*, v. STATE CORPORATION COMMISSION OF THE STATE OF KANSAS; DALE E. SAFFELS, Chairman, JULES V. DOTY and VERNON A. STROBERG, as Commissioners, and their respective successors in office; and KANSAS-NEBRASKA NATURAL GAS COMPANY, INC., *Appellees.*

(516 P. 2d 596)

Opinion filed December 8, 1973.

*J. D. Lysaught,* of Weeks, Thomas, Lysaught, Bingham and Johnston, Chartered, of Overland Park, argued the cause, and *James M. Caplinger,* of Topeka, was with him on the brief for the appellants.

*Martha Steincamp,* of Topeka, argued the cause, and *James E. Wells* and *Sard Fleeker,* both of Topeka, were with her on the brief for the appellee state corporation commission.

*Richard C. Byrd,* of Anderson, Byrd, Richeson and Jones, of Ottawa, argued the cause and was on the brief for appellee Kansas-Nebraska Natural Gas Company, Inc.

The opinion of the court was delivered by

HARMAN, C.: This appeal embraces a rate proceeding commenced before the state corporation commission by the Kansas-Nebraska Natural Gas Company.

The commission and the company now urge dismissal of the appeal on the ground subsequent events have rendered the entire proceeding moot.

The essential facts are undisputed. On November 2, 1970, the company filed its application for an increase in intrastate rates totaling $2,111,163 for natural gas sold by it. Appellants, who are industrial and irrigation consumers served by the company, intervened in the proceeding. After lengthy hearings the commission by order dated November 3, 1971, granted an increase of approximately $864,000 and issued certain directives respecting the design of the tariffs to be filed. Revised tariffs were filed accordingly.

Thereafter the commission denied appellants' motion for rehearing and they brought the proceeding to the Norton county district court pursuant to K. S. A. 66-118c. The issue raised on judicial review was the reasonableness and legality of the rate design or relationship as it affected appellants. On June 23, 1972, and after certain proceedings on remand which need not be noticed, the court affirmed the commission's November 3, 1971, order in its entirety. On August 21, 1972, appellants appealed the trial court's order to this court. The trial court did not act under K. S. A. 66-118g to stay or suspend the operation of its order of affirmance or of the order of the commission fixing the rate design nor was any bond for stay or suspension pending review posted by appellants as contemplated by K. S. A. 66-118h.

On July 5, 1972, the company filed its application with the commission requesting a further increase in its intrastate rates in the amount of $2,744,482. Subsequent proceedings resulted in a commission order, dated February 28, 1973, granting a rate increase of $702,300. The company's application for rehearing was denied. Appellants, who were parties to this subsequent proceeding, filed no such application. Thereafter the company perfected its appeal of the matter to the district court of Finney county, which tribunal granted additional revenues of approximately $804,000. Effective September 17, 1973, these new rates superseded those which are the subject of this appeal and the order allowing them has not been challenged by the company nor is it subject to judicial challenge by appellants by reason of their failure to file with the commission an application for rehearing of the commission's order (K. S. A. 66-118b).

No refund or relief of other nature can possibly be granted appellants by reason of this present appeal and no judgment we could render would be of any consequence; hence the issues raised must be deemed moot. Courts will not render advisory opinions on abstract questions of law. Law is to be determined only as an incident to granting relief in an actual controversy (see *Wagner v. Mahaffey,* 195 Kan. 586, 408 P. 2d 602; *State, ex rel., v. Bissing,* 210 Kan. 389, 502 P. 2d 630).

The appeal must be and is dismissed.

APPROVED BY THE COURT.

FROMME, J., not participating.