No. 49,443

Donald Reeves, Thelma J. Reeves, Ralph E. Moore, Donna D. Moore, Robert J. Dingus, Mildred S. Dingus, James D. Smith, Marilyn F. Smith, Frederick H. Hartwig, Louise Hartwig, Charles Thomson, Louise Thomson, William Thomson, Rebecca Thomson, Harry P. Thomson, Jr., Gene M. Thomson, Bryant Farms, Inc., *Appellees*, v. Board Of County Commissioners Of Johnson County, Kansas; Olathe Township Zoning Board, Johnson County, Kansas; Estate Of Charles W. Ott; Holland Quarries, Inc.; The Holland Construction Company, Inc., *Appellants*.

(602 P.2d 93)

Opinion filed October 27, 1979.

*Robert C. Londerholm,* of Hackler, Londerholm, Speer, Austin & Holliday, Chartered, of Olathe, argued the cause and was on the brief for the appellants, Holland Quarries, Inc., & Holland Construction Company, Inc.

*C. Maxwell Logan,* of Payne & Jones, Chartered, of Olathe, argued the cause, and *L. Franklin Taylor,* of the same firm, was with him on the brief for the appellees.

The opinion of the court was delivered by

McFarland, J.: This is an appeal by defendants Holland Quarries, Inc., and Holland Construction Company, Inc., from a summary judgment entered in favor of plaintiff landowners in a zoning dispute.

Prior to August, 1973, the duly adopted Olathe Township Zoning Regulations, applicable to all territory in Olathe Township, Johnson County, Kansas, authorized "special permits for a specific purpose," but specifically prohibited the use of any premises as a rock quarry. On August 29, 1973, the Olathe Township Zoning Board met in regular session and adopted a resolution recommending amendment to the zoning regulations which would authorize "special permits for specific purposes," "notwithstanding any provisions in these regulations to the contrary."

Upon receipt of the recommendation the Johnson County Board of County Commissioners (Commission) placed the matter on its October 1, 1973, agenda and published notice of same. At the October 1 meeting a number of the Olathe Township landowners appeared and objected to the proposed amendment. The Commission took the matter under advisement and requested further consideration of the matter by the Olathe Township Zoning Board in light of the objections. The matter was placed on the Zoning Board's agenda for October 15, 1973, but apparently no discussion of the subject took place. The proposed amendment lay dormant for almost a year until September 23, 1974, when the Zoning Board unanimously voted to "reapprove" its recommendation upon a letter from the Ott Estate requesting action.

On October 2, 1974, the recommendation was forwarded to the Commission by the Zoning Board. The Commission placed the matter on its agenda of November 13, 1974, and published notice thereof. During the meeting the Commission adopted a resolution approving the amendment in its unaltered form.

Meanwhile, on November 1, 1974, the Ott Estate, an Olathe Township landowner, filed an application with the Zoning Board for a special permit for a quarrying operation. The permit application was placed on the Zoning Board's agenda for November 18, 1974, and notice was published. Over the objections of various landowners, the Zoning Board recommended approval of the application at its November 18 meeting. On December 17,

1974, the appellants herein, Holland Quarries, Inc., and Holland Construction Company, Inc., purchased the Ott real estate. On December 19, 1974, the Commission granted a twenty-year special permit for quarrying, after notice and public hearing.

The plaintiff landowners then filed this action to:

"(a) enjoin the defendants from using land for Rock Quarry purposes; (b) declare the enactment of amendments to the Olathe Township Zoning Board void; (c) declare the issuance of a Special Permit for Specific Purposes of Rock Quarry use to be void; (d) declare that the actions of the Olathe Township Zoning Board and the Board of County Commissioners in approving a Special Permit for Specific Purposes was unreasonable."

The plaintiffs own land situated within 1,000 feet of the special permit property.

The trial court ultimately entered summary judgment in favor of plaintiffs on the heels of a denial of summary judgment to defendants. A plenitude of issues was raised in the two motions and their unabridged inclusion herein would serve only to confuse.

The big issue in this appeal is whether legally sufficient notice was given prior to the amendment of the zoning regulations. The parties and the trial court agree that the relevant statute is K.S.A. 19-2907, which reads as follows:

"The zoning board shall first recommend to the county commissioners the boundaries of districts and appropriate regulations to be enforced thereon. Such board shall make a tentative report and hold public hearings thereon at such times and places in the township and upon such notices as the said county commissioners shall require before submitting their final report which notice shall be published once each week for three (3) consecutive weeks in a county paper of general circulation in the township. The county commissioners shall not determine the final boundaries of any district nor impose any regulation until after the final report of the zoning board is filed with them. *After such final report is submitted to the county commissioners and after final adoption of regulations by the county commissioners, they may from time to time thereafter amend, supplement or change the boundaries or regulations contained in such final report: Provided, Such proposed changes shall first be submitted to the zoning board for recommendation and report: And provided further, That not less than three (3) weeks' notice of any such proposed change shall first be published in a newspaper of general circulation in such township and a hearing granted to any person interested at a time and place specified in such notice* and in addition thereto written notice shall be given by mail to all owners of lands located within one thousand (1,000) feet of the area proposed to be changed with the opportunity granted for interested parties to be heard: . . . ." (Emphasis added.)

The parties do not agree as to the legal effect of the statute. It is

not controverted that the first part of the statute, before the emphasized portion, relates wholly to the initial adoption of zoning of a township—that is, going from no zoning to zoning. That step had already been taken prior to the actions involved herein and is not involved in this case.

The following chart assists in raising the issue into relief:

1973

| August 29 | Zoning Board, *sua sponte*, adopts the resolution to recommend the amendment. No notice of any type was given to the public on the proposed amendment. |
| --- | --- |
| September | Board of County Commissioners place amendment on October 1 agenda and publish notice in excess of 21 days before the hearing. |
| October 1 | Regular meeting had by Commission—matter "taken under advisement" and Zoning Board requested to give further consideration to the matter. |
| October 15 | Matter on Zoning Board agenda. No action taken or notice given. |

1974

| September 23 | Zoning Board votes to reapprove earlier recommendation of amendment. No notice given of this meeting. |
| --- | --- |
| November 13 | Commission hearing on amendment, where it is approved. Notice published 18 days prior to the hearing. |

The trial court recited the above sequence of events and determined:

"There is no way this Court can be convinced that this constituted adequate notice to affected landowners and due process has not been followed. To adopt defendants' contention that only one public hearing is necessary could lead to disastrous results. Some unscrupulous body (not this case) could publish once, have one public hearing, stall the action until some undisclosed time and without further notice, go in a year later and obtain rights they could not acquire at the initial representative hearing. The Court has carefully reviewed *Houston v. Board of County Commissioners,* 218 Kan. 323, K.S.A. 12-701, et seq., and all the other authorities cited and this Court cannot recognize that its concept is in conflict with those cited.

"K.S.A. 12-701, et seq., does not require public hearings before the Board of City Commissioners, but it clearly requires public hearings before the local Zoning Board.

"The matter in this case went before the local Zoning Board under questionable procedures and was forwarded to the Board of County Commissioners on October 1, 1973, which Board clearly did hold a public hearing, pursuant to K.S.A. 19-2907, and at that point the County Commissioners referred the matter back to the local Board for further consideration.

"There has been no proper public hearing before the local Township Zoning Board which is required.

"Here the question is, were proper notices given to reconsider one year later, and was proper activity undertaken by the local Township Board in reconsidering without public hearing, when they, without a public hearing, simply notified the County Commissioners that they reaffirmed their former position. With the passage of over a year between the resubmission to the local Board by the County Commissioners, and the purported hearing by the local Board, was reconsideration given since there was no opportunity given to the public to present views and changes of circumstances. The Court thinks not and sustained plaintiffs' motion for summary judgment versus defendants."

The position of defendants is basically as follows:

1. K.S.A. 19-2907 requires one public hearing with notice by publication at least 21 days in advance thereof.
2. The Commission published notice in excess of 21 days prior to the first meeting October 1, 1973, and the publication notice required by K.S.A. 19-2907 was thereby complied with.
3. No republication of notice by the Commission was legally required, despite the long delay in acting.
4. K.S.A. 19-2907 does not require a public hearing before the Zoning Board on the amendment herein.
5. The subsequent issuance of the special permit after proper hearings before both boards cured any notice defects in the zoning amendments.
6. The notice herein once (and that before the Commission) was standard operating procedure for Johnson County and therefore correct.

The plaintiff surrounding landowners basically agree with the trial court and contend:

1. A second full 21-day publication notice was necessary prior to the Commission's November, 1974, meeting.
2. The Zoning Board should have had a public hearing with full notice prior to "reapproving" its recommendation on September 23, 1974.

K.S.A. 19-2907 requires that a properly noticed public hearing be held. The statute does not specify which board shall conduct the hearing.

Where a statute is susceptible to more than one construction, it must be given that construction which, when considered in its entirety, gives expression to its intent and purpose, even though such construction is not within the strict literal interpretation of the statute. *State v. V.F.W. Post No. 3722,* 215 Kan. 693, 697, 527 P.2d 1020 (1974).

The comparable statute for certain county zoning, K.S.A. 19-2931, clearly requires the public hearing to be before the planning commission after notice. Likewise, K.S.A. 19-2920 requires county planning boards to conduct public hearings with notice prior to amendments in zoning regulations. K.S.A. 12-708 requires city planning commissions to hold public hearings with notice on zoning amendments.

The logic of requiring the hearing to be before the zoning board is compelling. The zoning board's authority is advisory only, and is limited to a study of the facts and submission of its recommendations to the governing body. See *Burke & McCaffrey, Inc. v. City of Merriam,* 198 Kan. 325, 327, 424 P.2d 483 (1967). Without a public hearing prior to making its recommendations the fact-gathering agency must act in the dark or try to anticipate on its own all the ramifications of the proposed change. The public would have no input into the recommendation and report. In such circumstances, frequently only those persons instigating the change would know the change was being considered and the zoning board, in essence, would hear only from the proponents. Further, those members of the public who are against the zoning board's recommendations are, at their first opportunity to be heard, faced with the uphill fight of opposing what the zoning board has already recommended.

The typical county commission meeting, with its full and varied agenda, is generally a poor place for the battle of opposing forces to commence.

Likewise, it would be an illogical result if changes in countywide zoning would have public hearings before planning boards, but changes in individual township zoning would only have public hearings before the full county commission. Theoretically, at least, the county commission would be less familiar with individual township conditions than with matters affecting the entire county.

There is no logical reason to conclude that the legislature

intended to have public hearings on township zoning amendments conducted differently than those involving city or county zoning amendments.

We must therefore conclude:

1. K.S.A. 19-2907 required the Olathe Township Zoning Board to make a recommendation and report to the Board of County Commissioners on the proposed amendment to the zoning regulations. A prerequisite to the making of such recommendation was that the township zoning board should conduct a public hearing after giving the statutory notice.

2. The Township Zoning Board's recommendation, either for or against adoption of the proposed amendment, was a prerequisite to the Commission's right to approve the amendment. See *Houston v. Board of City Commissioners,* 218 Kan. 323, 543 P.2d 1010 (1975).

3. The failure of the Township Zoning Board to conduct a duly noticed public hearing prior to making its recommendation deprived the Commission of any right to approve the proposed amendment to the township zoning regulations.

4. Neither the subsequent public hearing by the Township Zoning Board on the application for a special permit, nor the alleged custom of the two boards to proceed in this manner, remedied the fatal defect in the proceedings to amend the zoning regulations.

Inasmuch as no hearing was conducted by the Zoning Board it is unnecessary to determine the issue raised concerning the effect of the delay between the two actions of the Zoning Board.

We conclude the district court correctly held the amendment of the township zoning regulations to be invalid.

Before proceeding to the next point, it is necessary to identify the parties to this appeal. The plaintiffs-appellees are landowners in Olathe Township who oppose the change in the zoning regulations. The defendant Commission filed a notice of appeal, but has not filed briefs or otherwise appeared. The defendant Township Zoning Board is not a party to the appeal. The defendants Holland Quarries, Inc., and the Holland Construction Company, Inc., are the appellants herein.

Both before the trial court and this court the Holland defendants have sought a determination that the Olathe Township zoning regulations prohibiting rock quarrying were unconstitu-

tional. The issue does not arise in the pleadings and as no cross-claim between defendants was filed it is obviously not an issue between the plaintiffs and defendants. Even had a cross-claim been filed, a serious question would have been raised as to whether such a procedure was proper or whether the defendants Holland would have to raise the issue by a separate action against the Commission. The trial court correctly held that the issue was not before it. Likewise, it is not properly before this court.

The final issues before this court are whether subsequent actions by defendants constitute an acquiescence in the judgment and whether the appeal is moot. These are closely related questions and will be dealt with together.

After the township zoning regulations amendment was approved, the Ott Estate filed for and received a special permit for rock quarrying operations on the 160-acre Ott-Holland tract. The trial court specifically held that this permit, granted on December 19, 1974, was lawfully issued, and this determination is not on appeal. In 1978 the Holland Real Estate Development Corporation made application for a second special permit for a rock quarrying operation on a part of the same land. The second permit application received a favorable 2 to 1 vote by the Commission, but the county counselor held that a unanimous vote was required by virtue of the filing of written protests by more than 20% of the frontage owners (see K.S.A. 19-2907). The Holland corporation involved therein has appealed the unanimity question to the district court. The outcome of that litigation is not known to this court. The Holland corporation seeking the second permit is not one of the two Holland corporations that are parties to this case.

The plaintiffs herein contend the act of Holland Real Estate Development Corporation in seeking the second special permit is an acquiescence in the judgment and renders this appeal moot. The Holland defendants point out that this appeal concerns the validity of the ordinance amending the zoning regulations; whereas, the pending district court action involves a special permit application. Further, they call attention to the fact the second permit applicant, Holland Real Estate Development Corporation, is not a party to the case herein. The legal basis for the issuance of both permits is the ordinance amending the township zoning regulations, which has been invalidated herein.

The following are the general rules applicable to mootness and acquiescence. An issue becomes moot when a judgment of the appellate court would be of no consequence; an appeal will be dismissed where the issues raised have become moot. *Six Cities v. State Corporation Commission,* 213 Kan. 413, 516 P.2d 596 (1973). An appeal will not be dismissed as moot unless it clearly and convincingly appears the actual controversy has ceased and the only judgment which could be entered would be ineffectual for any purpose and an idle act insofar as rights involved in the action are concerned. *Moyer v. Board of County Commissioners,* 197 Kan. 23, Syl. ¶ 1, 415 P.2d 261 (1966). Anything which savors of acquiescence in a judgment cuts off the right of appellate review. *Iseman v. Kansas Gas & Electric Co.,* 222 Kan. 644, 652, 567 P.2d 856 (1977). In *Brown v. Combined Ins. Co. of America,* 226 Kan. 223, Syl. ¶¶ 6, 7, 597 P.2d 1080 (1979), we said:

"The general rule, subject to certain exceptions, is that a party to litigation who has acquiesced in the judgment of the trial court either by assuming the burden of such judgment or by accepting the benefits thereof will be deemed to have acquiesced in such judgment and may not thereafter adopt an inconsistent position and appeal from such judgment."

"Where a judgment or decree involves distinct and severable matters, demands or issues, an acceptance of the burdens or benefits of one or more parts thereof will not prevent an appeal as to the remaining contested matters, demands or issues."

We must conclude that the seeking of a permit after the judgment herein, involving different issues and different parties, neither renders the appeal moot nor constitutes an acquiescence in the judgment by appellants.

All points raised have been considered, whether or not specifically set forth in this opinion, and no error is shown.

The judgment is affirmed.

FROMME, J., not participating.