(642 P.2d 120)
No. 52,919

CITY OF TOPEKA, KANSAS, a municipal corporation, *Appellant,* v.
STAUFFER COMMUNICATIONS, INC., *Appellee.*

Opinion filed March 5, 1982.

*Robert E. Duncan, II,* assistant city attorney, for the appellant.

*Michael W. Merriam* of Colmery, McClure, Funk, Letourneau & Entz, of Topeka, for the appellee.

Before FOTH, C.J., REES and SPENCER, JJ.

SPENCER, J.: This appeal is from a declaratory judgment that the fire inspection records of the City of Topeka, together with other memoranda contained within the City's fire inspection files, all relating to premises which are open to the public, are "official public records" subject to public inspection under the provisions of K.S.A. 45-201 *et seq.* (Ensley).

In the course of preparing a news story concerning fire safety,

fire records and other matters relative to the high-rise motels in downtown Topeka, reporters for defendant Stauffer Communications, Inc., requested of the assistant fire chief for the City of Topeka access to fire inspection records relating to those buildings. This request was refused. Thereafter, defendant through its legal counsel made a written request of the City that defendant be granted immediate access to the records, specifically those of October, 1977, and all of 1980 pertaining to the downtown Ramada Inn. This request was also refused by the City, which then commenced this action for a declaratory judgment.

At the outset, we are confronted with defendant's assertion of plaintiff's acquiescence in the judgment of the trial court, and that therefore this appeal should be dismissed.

The court's memorandum opinion was entered under date of January 6, 1981. The following day plaintiff filed a motion requesting clarification as to whether the judgment was intended to include certain interdepartmental memoranda and correspondence contained within the fire inspection files.

On January 9, 1981, the court considered that motion and ruled that "[a]ll other records contained within these files, including correspondence, reports, memoranda and the like . . . ," are public records under the law and therefore accessible to public inspection. In doing so, however, the court noted that where appropriate, plaintiff might assert its privilege of lawyer-client relationship for those communications between the office of city attorney and the fire department which might appear in the file, but noted also that the propriety of any such privilege would be the subject of other proceedings at another time. Immediately following the hearing of January 9th, plaintiff delivered to defendant the entire file which had previously been requested. Plaintiff openly admits having done so, and it is on the basis of these facts that defendant urges dismissal on grounds of acquiescence.

As a general rule, anything which savors of acquiescence in a judgment cuts off the right of appellate review. *Reeves v. Board of Johnson County Comm'rs,* 226 Kan. 397, 405, 602 P.2d 93 (1979); *Brown v. Combined Ins. Co. of America,* 226 Kan. 223, 230, 597 P.2d 1080 (1979); *Iseman v. Kansas Gas & Electric Co.,* 222 Kan. 644, 652, 567 P.2d 856 (1977). As expressed in *Brown,* the basis for this rule is that one who has acquiesced in the judgment

cannot thereafter assume an inconsistent position by being heard to complain on appeal that the judgment is erroneous. However, it was there also held:

"Where a judgment or decree involves distinct and severable matters, demands or issues, an acceptance of the burdens or benefits of one or more parts thereof will not prevent an appeal as to the remaining contested matters, demands or issues." 226 Kan. 223, Syl. ¶ 7.

It is to be noted that the gist of acquiescence sufficient to cut off a right to appeal is voluntary compliance with the judgment. *Haberer v. Newman,* 219 Kan. 562, 566, 549 P.2d 975 (1976).

Defendant argues that if plaintiff questioned the propriety of the judgment, it should have employed proper legal procedures to stay its effectiveness, and although there were well-known legal remedies available, plaintiff failed to employ any of them. Plaintiff contends that since new documents are commingled each day with the inspection reports, the judgment continues to adversely affect the City and the delivery of any one file should not be considered acquiescence in the real issues involved.

Although the opinion of the trial court does refer to "the records in question" and "the fire inspection reports which are the subject of controversy in this action . . . ," there can be little doubt that such references were to the fire inspection records of the City of Topeka in general and not to any specific file within that category. The judgment declares the fire inspection records of the City relating to places open to the public are "public records" which by law are required to be kept and maintained pursuant to K.S.A. 45-201. No other specific relief was requested or granted by the judgment as it was entered. We hold the mere delivery of one particular fire inspection file which had previously been requested by defendant was not acquiescence in the judgment so as to deny plaintiff the right to appeal.

K.S.A. 45-201(*a*) provides:

"All official public records of the state, counties, municipalities, townships, school districts, commissions, agencies and legislative bodies, *which records by law are required to be kept and maintained,* except those of the district court concerning proceedings pursuant to the juvenile code which shall be open unless specifically closed by the judge or by law, adoption records, records of the birth of illegitimate children, and records specifically closed by law or by directive authorized by law, shall at all times be open for a personal inspection by any citizen, and those in charge of such records shall not refuse this privilege to any citizen." Emphasis added.

Relevant portions of the Uniform Fire Code (1979 ed.), as adopted by the City of Topeka, are:

**"Inspections and Unsafe Buildings**

"**Sec. 2.201.** (a) The fire prevention bureau shall inspect, as often as may be necessary, all buildings and premises, including such other hazards or appliances as the chief may designate for the purpose of ascertaining and causing to be corrected any conditions which would reasonably tend to cause fire or contribute to its spread, or any violation of the purpose or provisions of this code and of any other law or standard affecting firesafety."

"**Investigations**

"**Sec. 2.202.** (a) The fire department shall investigate promptly the cause, origin and circumstances of each and every fire occurring in the jurisdiction involving loss of life or injury to person or destruction or damage to property and, if it appears to the bureau of investigation that such fire is of suspicious origin, they shall then take immediate charge of all physical evidence relating to the cause of the fire and shall pursue the investigation to its conclusion. The fire prevention *engineer shall make a report in writing to the chief of all facts and findings* relative to each investigation and, should it appear during any investigation that a fire is of suspicious origin, he shall notify the chief forthwith."

"**Records and Reports**

"**Sec. 2.203.** (a) The fire department shall keep a record of all fires occurring within its jurisdiction and of all facts concerning the same, including statistics as to the extent of such fires and the damage caused thereby, together with such other information as may be required by the chief.

"(b) The fire prevention bureau shall retain for not less than three years a record of each *inspection* and *investigation* made showing the cause, the findings and disposition of each such inspection or investigation." Emphasis added.

Plaintiff contends these provisions require only that records be maintained regarding actual fires. We find this contention to be without merit for, clearly, the fire prevention bureau is required to retain for not less than three years a record of each inspection conducted pursuant to 2.201 (a) and of each investigation of fire pursuant to 2.202 (a). Accordingly, the fire inspection reports are official public records open to public inspection.

We are next urged to find error in the trial court's clarification of its judgment to include "all other records" which are contained within the files of routine inspection reports.

The precise nature of the other records is not clearly defined and none of them have been made a part of the record on appeal. It may be assumed, however, that such would include interdepartmental memoranda and reports, correspondence with building owners, and communications with citizens who, as plaintiff suggests, may have been promised anonymity.

Plaintiff argues, and perhaps correctly so, that the fire code

adopted by the City does not specifically mandate such records be kept and maintained. However, as hereinbefore noted, section 2.203 (b) requires retention for not less than three years of a record of each inspection and investigation made, showing the cause, the findings and disposition of each such inspection or investigation.

"[P]ublic records include not only papers specifically required to be kept by a public officer but all written memorials made by a public officer within his authority where such writings constitute a convenient, appropriate, or customary method of discharging the duties of the office." *International Union v. Gooding,* 251 Wis. 362, 371, 29 N.W.2d 730 (1947).

In *MacEwan v. Holm et al,* 226 Or. 27, 41, 359 P.2d 413 (1961), we find:

"According to the better view, where the issue is the availability of a writing for inspection, the writing need only constitute a 'convenient, appropriate, or customary method of discharging the duties of the office' by the public officials. A writing need not be a document that is required by law to be kept as a memorial of official action in order to come within the definition of a 'public record.'"

See also 76 C.J.S., Records § 1.

It is difficult to imagine records properly contained within the files of routine fire inspection or investigation reports which would not relate in some manner to the discharge of the duties of the fire prevention bureau, or which would not be relevant to the showing of cause, the findings, and disposition of inspections or investigations made pursuant to the fire code. Again we note the "other records" here in contention are not before us. However, assuming they are relevant to the cause, the findings, or the disposition of routine inspections or fire investigations conducted by the public authorities, we believe they are official public records properly to be kept and maintained for at least the period required by section 2.203 (b), and we so hold.

Plaintiff speaks of communications with citizens who may have been promised anonymity, the "chilling effect" the judgment of the trial court might have on the free interchange of thoughts within government, and suggests some documents might be in the nature of investigatory records to which K.S.A. 45-201 is not applicable under the authority of *Atchison, T. & S.F. Rly. Co. v. Commission on Civil Rights,* 215 Kan. 911, 529 P.2d 666 (1974).

Our Supreme Court recently addressed similar issues in the

case of *State ex rel. Stephan v. Harder,* 230 Kan. 573, 641 P.2d 366 (1982):

"The Kansas public records inspection act, K.S.A. 45-201 *et seq.,* provides that all official public records which by law are required to be kept and maintained shall be open for public inspection." Syl. ¶ 1.

"The Kansas public records inspection act, K.S.A. 45-201 *et seq.,* impliedly imposes a duty upon public agencies to delete confidential information from an otherwise disclosable public record in response to a request for disclosure of nonconfidential information contained in that public record." Syl. ¶ 3.

"The custodian of nonconfidential official public records has no discretion under K.S.A. 45-201 *et seq.* to withhold those records from public inspection." Syl. ¶ 5.

In light of what has been said, the burden of preventing disclosure of public records clearly rests with the party attempting to prevent disclosure. There is nothing in the record now before us persuasive of the fact that the records found by the trial court to be public records under law are not official public records which by law are required to be kept and maintained, and open for public inspection pursuant to K.S.A. 45-201 *et seq.*

Affirmed.