(654 P.2d 487)

No. 54,263

IN THE INTEREST OF WALTER SHELTON, a juvenile under 18 years of age.

Opinion filed December 2, 1982.

*Kenneth M. Carpenter* of Carpenter & Carpenter, Chartered, of Topeka, for the appellants.

*Malcolm L. Copeland,* assistant district attorney, *Gene M. Olander,* district attorney, and *Robert T. Stephan,* attorney general, for the appellee.

*Patrick Nichols,* staff attorney, for the appellee Kansas Department of Social and Rehabilitation Services.

Before FOTH, C.J., JEROME HARMAN, Chief Judge Retired, assigned, and FREDERICK WOLESLAGEL, District Judge Retired, assigned.

HARMAN, C.J. Retired: We treat here the standing of foster parents of a deprived child to intervene and participate in a hearing wherein the Department of Social and Rehabilitation Services proposed that a child in its custody be placed in the home of a natural parent.

On January 20, 1979, two-year-old Walter Shelton was seriously burned in a fire at his home in Topeka, Kansas, where he lived with his mother. His younger sister lost her life as a result of the incident. After investigation, the Shawnee County district attorney's office filed a petition alleging that Walter was a deprived child as defined in K.S.A. 38-802(g)(1). The court ordered that he remain in custody of SRS during hospitalization.

On July 13, the child's mother stipulated that he was a deprived child. The court ordered that legal custody remain with SRS. Since January, 1979, Walter has, at various times, been in the mother's physical custody, in foster care, and in in-patient psychiatric care. On March 23, 1981, he was placed in foster care with Sid and Phyllis Hayes, appellants herein. It is conceded Walter was in this home for more than six months.

In February, 1982, SRS orally informed appellants that Walter would be returned to his mother. On February 19, 1982, appellants filed a motion to intervene in the proceeding and they requested a hearing to determine whether the proposed transfer was in the child's best interest.

The trial court heard appellants' motion March 5, 1982, and denied it on the basis foster parents have no standing to be heard where it is proposed, with court approval, that a child in the custody of SRS should be placed in the home of a natural parent. This appeal ensued.

K.S.A. 60-224(a)(1) provides: "Upon timely application anyone shall be permitted to intervene in an action: (1) When a statute confers an unconditional right to intervene."

K.S.A. 38-826b(b) provides:

"Except as provided in subsection (c), after a juvenile has been in the same foster home or other youth residential facility for six (6) months or longer or has been placed by the secretary in the home of a parent or relative, when the secretary plans to move such juvenile to a different placement, said secretary shall give written notice of such planned transfer to (1) the court having jurisdiction over the juvenile, (2) each parent whose address is available, (3) the foster parent or custodian from whose home or youth residential facility it is proposed to remove said juvenile, and (4) the juvenile, if said juvenile is thirteen (13) years of age or

older. *The notice shall state the home or facility to which said secretary plans to transfer said juvenile and the reason for the proposed action. The notice shall be delivered or mailed thirty (30) days in advance of such planned transfer. Within ten (10) days after receipt of said notice any person receiving notice as provided above may request either orally or by written motion that the court conduct a hearing to determine whether or not such change in placement is in the best interests of the juvenile concerned. When such a request has been received, the court shall schedule a hearing and immediately notify the secretary of such request and the time and date such matter will be heard. The court shall also give notice of the hearing to persons enumerated in clauses (1) through (4) of this subsection and the juvenile's guardian ad litem.* The secretary shall then refrain from changing the placement of said juvenile until such action is approved by the court." Emphasis supplied.

SRS never mailed appellants a written notice of planned transfer. Appellants nonetheless urge this statute grants foster parents the right to request a hearing and present evidence when SRS proposes to return children to their natural parents.

Appellees offer many arguments in support of the trial court's action. They contend the statute applies only when SRS intends to transfer children from one foster home or residential facility to another temporary placement. They argue that the phrase "a different placement" refers only to a different placement within the juvenile care system, the whole idea being the prevention of arbitrary action in that system. We find no cases interpreting the statute.

In *Arduser v. Daniel International Corp.,* 7 Kan. App. 2d 225, Syl. ¶ 1, 640 P.2d 329 (1982), *rev. denied* April 14, 1982, the court stated general rules of statutory construction:

"The fundamental rule of statutory construction, to which all others are subordinate, is that the purpose and intent of the legislature governs when that intent can be ascertained from the statutes. Legislative intent is to be determined by a general consideration of the entire act. Effect should be given, if possible, to the entire statute and every part thereof. To this end it is the duty of the court, so far as practicable, to reconcile the different provisions so as to make them consistent, harmonious and sensible. Where a statute is plain and unambiguous, this court must give effect to the intention of the legislature as expressed rather than determine what the law should or should not be. Where various provisions of an act conflict, this court should attempt to reconcile such provisions in order to make them harmonious and sensible."

The court in *Reeves v. Board of Johnson County Comm'rs,* 226 Kan. 397, 402, 602 P.2d 93 (1979), stated this rule for interpretation of ambiguous statutes:

"Where a statute is susceptible to more than one construction, it must be given

that construction which, when considered in its entirety, gives expression to its intent and purpose, even though such construction is not within the strict literal interpretation of the statute."

K.S.A. 38-826b(*b*) requires SRS to notify foster parents of "the home or facility" to which it proposes to transfer the child. This is fairly plain language. The home of a natural parent would not be a youth residential facility or a facility of SRS, but it does appear to be a home in the generic sense in which SRS is statutorily required to notify foster parents of a change. Even more plainly, the transfer of a child from foster care to that of a natural parent is "a different placement." To repeat, the parental home would not be a facility of SRS, although it is a resource to be utilized whenever possible where, as here, SRS has retained custody of a deprived child and it is envisioned that parent and child may someday be completely reunited.

A foster parent who has had custody of a child for six months or longer may well have evidence as to whether return of a child to his natural parents is in the child's best interest.

K.S.A. 38-801 provides in part:

"This act shall be liberally construed, to the end that each child coming within its provisions shall receive such care, custody, guidance, control and discipline, preferably in the child's own home, as will best serve the child's welfare and the best interests of the state."

Appellees suggest that this preference for keeping children with their natural parents should be a factor in determining the issue before us. Granted the ultimate preference, and the desirability of reunification of parent and child, final action is further down the road. The parental preference is not paramount to the State's principal concern—the best interests and welfare of the child. *In re Johnson,* 214 Kan. 780, 786-787, 522 P.2d 330 (1974).

It would seem that the State's exercise of its power as *parens patriae* is best served when persons with knowledge or information about a deprived child have standing to present that evidence. K.S.A. 38-816(*a*) goes so far as to authorize "[a]ny reputable person" over eighteen years of age to commence a juvenile proceeding—a broad tolerance in this important area.

Appellees argue that K.S.A. 38-826b(*b*) only provides that foster parents may request a hearing but does not allow them to present evidence. "It is a cardinal rule of statutory construction that the legislature intended a statute be given a reasonable construction

so as to avoid unreasonable and absurd consequences." *Williams v. Board of Education,* 198 Kan. 115, 125, 422 P.2d 874 (1967). There would be no reason to permit foster parents to request and receive notice of a hearing at which they could not present evidence.

Appellees further contend that the placement in question was made with court approval and after SRS had investigated, so that the purpose of 38-826b was served. Query: How can one know that when there was no compliance with part of the statute and the approval did not take into account whatever appellants might have offered?

Our holding is this: Pursuant to K.S.A. 38-826b(*b*), after a juvenile has been in the same foster home for six months or longer, when the secretary of social and rehabilitation services plans to move the juvenile to the home of his natural parent, he shall give notice of such planned transfer to the foster parent from whose home it is proposed to remove the juvenile. If such foster parent timely requests a hearing on the planned transfer the juvenile court shall conduct a hearing to determine whether or not such change in placement is in the best interests of the juvenile, at which hearing the foster parent shall be allowed to offer relevant evidence.

Appellees argue K.S.A. Chapter 60 does not apply to juvenile proceedings, so that appellants could not file a motion to intervene here under K.S.A. 60-224(*a*)(1). K.S.A. 60-201 provides that Chapter 60 "governs the procedure in the district courts of Kansas . . . in all suits of a civil nature . . . ." K.S.A. Chapter 38 contains some procedural provisions; however, it does not have a general provision on intervention.

The juvenile code is to be liberally construed for the protection of its wards and resort to the civil code in matters upon which the juvenile code is silent has frequently been made to carry out its beneficent purposes. See *In re Kerns,* 225 Kan. 746, 594 P.2d 187 (1979).

This resort to the civil code, not being manifestly inappropriate, was not improper.

Appellees argue that the proper remedy for appellants was under K.S.A. 38-829a, rather than K.S.A. 38-826b. K.S.A. 38-829a(*a*) provides:

"At any time after the entry of any final order by the district court placing or

committing a child pursuant to subsection (a) of K.S.A. 38-824 or pursuant to K.S.A. 38-826 the secretary of social and rehabilitation services, the guardian *ad litem* for the child, the child's parent, guardian or other legal custodian or any party to the original proceeding may file a motion with the district court for a rehearing on the issue of such placement or commitment. Upon such motion, the court shall rehear the matter without unnecessary delay."

This statute provides for *rehearing* after a *final* order placing a child. The foster parents here are appealing a decision denying them standing at the first hearing dealing with return of the child to its mother, with custody still remaining in SRS. The statute manifestly is inapplicable.

Finally, SRS asserts that appellants did not proffer the substance of the evidence they wished to present, therefore under K.S.A. 60-405 they are foreclosed from complaint here. Not so; the trial court denied appellants' standing to participate in the case. Their appeal is based on denial of standing, not exclusion of evidence. K.S.A. 60-405 does not apply.

The judgment is reversed and the cause is remanded for further proceedings.