NOT DESIGNATED FOR PUBLICATION

No. 113,244

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ERIC WADE HARBACEK,
*Appellant*,

v.

DANIEL SCHNURR, *et al.*,
*Appellees*.

MEMORANDUM OPINION

Appeal from Ellsworth District Court; RON SVATY, judge. Opinion filed October 30, 2015. Appeal dismissed.

*Donald E. Anderson II*, of Robert A. Anderson Law Office, of Ellinwood, for appellant.

*Robert E. Wasinger*, legal counsel, of Kansas Department of Corrections, for appellees.

Before PIERRON, P.J., BRUNS and SCHROEDER, JJ.

*Per Curiam*:  Eric Wade Harbacek appeals the district court's denial of his petition for writ of habeas corpus. Harbacek claims the Kansas Department of Corrections (KDOC) incorrectly computed his conditional release date in contravention of the prohibition against ex post facto laws. He contends the loss of 90 days' good time credit was not a punishment available to the KDOC and violated ex post facto laws. The KDOC argues Harbacek's conditional release was properly and legally computed. We agree with the district court that Harbacek was not entitled to another conditional release date and the issue is moot.

1

Harbacek was serving a combined sentence of 10 to 40 years of incarceration for multiple felony offenses in 1990 and 1991. His sentence begins date was set at March 8, 1991, giving him a maximum service date of March 8, 2031. Harbacek was paroled multiple times during his incarceration but unfortunately violated his parole each time. He was granted conditional release on June 8, 2011, and released from custody. Just over a month later, on July 14, 2011, Harbacek violated his conditional release and was returned to prison without any new sentence. Harbacek was in prison on September 8, 2011, the date he originally alleged was his correct conditional release date. Harbacek was again granted parole on two occasions, including parole on November 7, 2011, and May 1, 2012, but violated the conditions on both occasions. The latest update on the KDOC website indicates that Harbacek's current status is "Post Incarceration," his current location is Reno County, and he was "Paroled to Detainer" on August 3, 2015.

On April 1, 2014, Harbacek filed a grievance alleging he had reviewed his inmate data sheet and saw that his adjusted conditional release date was September 8, 2011. Harbacek was incarcerated on that date and contended he was not afforded his mandatory release. On April 2, 2014, the prison responded:

> "You were released on your conditional release date of 06-08-2011. Dates had been adjusted for restored good time. So you were released on the correct date and returned as a Conditions Violator had to see the PRB before your next release. You saw the PRB on 8-12-11. The decision was then to re-parole to an approved plan on or after 11-01-11. You were then paroled on 11-7-11."

Harbacek appealed to the warden. On April 28, 2014, the warden filed the following response:

> "FINDING OF FACT: You submitted a grievance stating you believe the Kansas Department of Corrections had your Conditional Release data incorrect and you were released on June 8, 2011. You believe your Conditional Release date should have been

September 8, 2011 and you were incarcerated at ECF on that date and we failed to release you. You believe this information is correct as indicated on your Inmate Data Summary sheet.

"CONCLUSIONS: I have reviewed your grievance and the response from Mr. Elder. I have also reviewed your inmate summary data sheet and have determined that on August 9, 2004 it was determined your Conditional Release date was September 8, 2011. Upon review of your sentence record October 6, 2010, it was determined your Conditional Release date should be changed from September 8, 2011 to June 8, 2011. You were released on your Conditional Release date of June 8, 2011, which was correct. You provide no valid argument to convince me your Conditional Release date should have been September 8, 2011."

The Secretary of Corrections adopted the warden's response and denied Harbacek's appeal.

On June 25, 2014, Harbacek filed a petition for writ of habeas corpus claiming his conditional release date was improperly calculated as June 8, 2011, and that he was improperly released on that date. He claimed he was returned to prison on July 22, 2011, as a technical parole violator, not as a conditional release violator. Harbacek also claimed his correct conditional release date was September 8, 2011, and he was incarcerated on that date. Harbacek alleged that releasing an inmate on the conditional release date is mandatory and he should have been released on September 8, 2011, instead of paroled in November 2011.

The State filed a motion to dismiss contending that Harbacek's original conditional release date was set at March 8, 2011, based on the Inmate Data Sheet (IDS) dated October 20, 1994. The next IDS dated July 29, 1998, showed Harbacek's conditional release date moved back to July 8, 2012, based on 270 days of withheld good time and 180 days of forfeited good time. The next IDS dated August 9, 2004, detailed Harbacek's conditional release date as December 8, 2011, and explained: "300 days Good Time

3

Credits previously withheld on CR are restored. Inmate had 180 days' good time forfeited. Conditional Release date changed from 7/8/2012 to 9/8/2011 due to restored good time credits. 8/9/04 90 days forfeited for DR's."

The KDOC reviewed Harbacek's sentence again on October 6, 2010. The IDS indicated Harbacek's conditional release date was June 8, 2011. The change in conditional release date occurred because: "10/6/10: Upon review it was determined that it should not be 9 months forfeited it should only be 3 months. Adjusted CR dates."

The district court appointed an attorney for Harbacek and held a hearing on his habeas corpus motion. A transcript of the hearing is not included in the record on appeal. The court concluded the KDOC had correctly calculated Harbacek's conditional release date and he was not entitled to another conditional release date. It appears Harbacek's argument changed as a result of the hearing. In his motion for reconsideration, Harbacek dropped the argument of a conditional release date of September 8, 2011, and latched upon an argument that the ex post facto prohibition of applying statutes disadvantaged him because his conditional release date actually should have been March 8, 2011, instead of June 8, 2011. The court denied Harbacek's motion for reconsideration and Harbacek appeals.

On appeal, Harbacek argues the district court erred in denying his petition for writ of habeas corpus because the KDOC violated the prohibition against ex post facto laws when it applied a previous regulatory scheme for awarding good time credits and extended his conditional release date.

In determining whether a K.S.A. 60-1501 petition states a claim for relief, the trial court examines the allegations in the petition and the contents of any attachments to determine if the petition alleges "shocking and intolerable conduct or continuing mistreatment of a constitutional nature." *Schuyler v. Roberts*, 285 Kan. 677, 679, 175

4

P.3d 259 (2008). When the district court admits evidence and considers counsel's arguments at a preliminary hearing, an appellate court applies a mixed standard of review. The court's factual findings are reviewed to assure they are supported by substantial competent evidence and are sufficient to support its legal conclusions regarding the movant's right to relief under K.S.A. 60-1501. See *Rice v. State*, 278 Kan. 309, 320, 95 P.3d 994 (2004).

In the three cases relied upon by Harbacek for substantive authority for his ex post facto claim, all three cases are clouded by the mootness issue. Both *Stansbury v. Hannigan*, 265 Kan. 404, 960 P.2d 227 (1998), and *Bankes v. Simmons*, 265 Kan. 341, 963 P.2d 412 (1998), involved the withholding of good time credits under K.A.R. 44-6-124 by the KDOC for an inmate's refusal to participate in a sexual abuse treatment program and the ex post facto effect of increasing the punishment for a crime for which he had already been convicted. Neither Bankes nor Stansbury had reached their conditional release date yet.

In *Garner v. Nelson*, 25 Kan. App. 2d 394, 963 P.2d 1242 (1998), the court found under the new regulations, Garner's conditional release date was extended and this result violated the prohibition against ex post facto laws. Garner had not been released and his conditional release date had passed.

We do not know what relief Harbacek is claiming or is entitled to receive if his conditional release date was incorrectly computed. In his brief, he argues the correct calculation of his conditional release date is "obviously an issue that could repeat itself if he is released and brought back to KDOC custody for another violation and is of public importance in general." In his motion for reconsideration, Harbacek insists his conditional release date be corrected and that he be released forthwith, "as he extended his release by 3 months due to the unlawful application of amended regulations." We are not convinced.

5

An appeal will be dismissed as moot where our decision on the issue is of no consequence. If the only judgment that could be entered would be ineffectual for any purpose and it would not impact any of the parties' rights, then the issue is moot. See *State v. Montgomery*, 295 Kan. 837, 840-41, 286 P.3d 866 (2012). "An appeal will not be dismissed as moot unless it clearly and convincingly appears the actual controversy has ceased and the only judgment which could be entered would be ineffectual for any purpose and an idle act insofar as rights involved in the action are concerned." *Reeves v. Board of Johnson County Comm'rs*, 226 Kan. 397, 405, 602 P.2d 93 (1979).

In his petition, Harbacek claimed that his conditional release was not violated, but it was his parole that was revoked. Even assuming Harbacek had reached his conditional release date while on parole, this court implicitly rejected a similar argument in *Adams v. Kansas Parole Board*, 24 Kan. App. 2d 388, 389-91, 947 P.2d 448, *rev. denied* 263 Kan. 885 (1997). Adams was paroled from his original 3- to 12-year sentence and later convicted and sentenced on a new charge. Shortly after his conditional release date passed and while awaiting a parole revocation hearing, Adams was recommitted to the state prison from the county jail and the Kansas Parole Board revoked his conditional release date. Adams argued that because his conditional release date arrived while he was awaiting his parole revocation hearing, he was discharged from his 3- to 12-year sentence and was currently serving his new sentence. The *Adams* court found that under the appropriate statutes, Adams was properly kept in confinement while awaiting his parole revocation hearing despite the passing of his conditional release date. 24 Kan. App. 2d at 390.

Our Supreme Court later discussed *Adams* in *Parsons v. Bruce*, 270 Kan. 839, 841-46, 19 P.3d 127 (2001). Parsons, too, was released on parole before his conditional release date had arrived and later returned to custody after his conditional release date had passed. The *Parsons* court reinstated the parole board's revocation of Parsons' parole

6

and conditional release date and cited *Adams*. The court noted that because Parsons was already on parole when he reached his conditional release date, the conditional release date passed with no effect. In other words, a parolee's conditional release date passes with no effect on the parolee's previous sentence. Under the reasoning in *Adams*, Parsons' parole violation also constituted a violation of the conditions of his conditional release.

Parole is discretionary with the parole board, but conditional release is mandatory. *Beck v. Kansas Adult Authority*, 241 Kan. 13, 30, 735 P.2d 222 (1987). However, K.S.A. 22-3718 provides for an inmate's conditional release "subject to written rules and conditions as the Kansas parole board may impose, until the expiration of the maximum term or terms for which the inmate was sentenced or until the inmate is otherwise discharged."

A pair of administrative regulations are helpful in this case. "Each parolee who achieves conditional release status while on parole shall continue under supervision of the parolee's parole officer. The conditions of parole shall not be changed by the fact the parolee reached conditional release status." K.A.R. 45-600-1(c). "Any offender whose conditional release has been revoked may be required by the board to serve all or any part of the remaining time on the sentence." K.A.R. 45-500-3(a)(2).

Timely or untimely, Harbacek was conditionally released on June 8, 2011. He violated the conditions of his conditional release, and it was revoked. Harbacek received the benefit of a conditional release. Then, nearly 3 years after the fact, he argued his conditional release date was incorrectly computed and he should have been released 3 months earlier. There is no relief that can be granted. Harbacek was conditionally released. It is too late to grant him another conditional release date. Under the facts of this case the issues raised by Harbacek are moot.

Dismissed.