No. 29,092.

Maude Graham, *Appellee,* v. H. A. Pepple, Sheriff of Washington County, and C. A. Lindahl, *Appellants.*

(284 Pac. 394.)

736

*J. R. Hyland,* of Washington, for the appellants.

*Edgar Bennett* and *A. C. Bokelman,* both of Washington, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action to determine the relative rights of rival claimants in 53⅓ acres of Washington county land to which one Russell E. Graham held title prior to the inception of the matters to be reviewed herein.

On September 25, 1928, this plaintiff, Maude Graham, filed suit in the district court of Washington against her husband, Russell E. Graham, setting up a cause of action for a divorce, and in which she alleged that 53⅓ acres of Washington county land described in terms of government survey was owned by her husband; and she prayed that such tract of land be set apart to her as permanent alimony and for support of their minor children.

Publication service on Russell E. Graham was begun on September 27, 1928, and completed October 11, 1928. Russell E. Graham entered a general appearance and filed answer on November 5, 1928.

On December 1, 1928, C. A. Lindahl filed suit in the same court against Russell E. Graham for the recovery of money, and on December 7, 1928, Lindahl filed an attachment affidavit pursuant to which an order of attachment issued in the cause of *Lindahl v. Graham,* whereby the 53⅓ acres was attached as the property of Graham.

On March 4, 1929, the cause of *Lindahl v. Graham* came on for trial, and judgment was rendered in behalf of Lindahl for $650, and the judgment declared to be a first and prior lien on the 53⅓ acres, and that the attached land should be sold by the sheriff to satisfy Lindahl's judgment unless Graham paid the judgment within ten days—by March 14, 1929.

On March 20, 1929, the divorce action between Maude Graham and Russell E. Graham came on for hearing, and judgment in favor of plaintiff was rendered, granting her a divorce, and she was awarded the 53⅓ acres precisely as prayed for in her petition—as permanent alimony and for the support of the three children, whose custody was also conferred on plaintiff. The land award was made subject "to all valid liens at the time of filing of the divorce action."

On April 8, 1929, an order of sale issued out of the office of the clerk of the district court to the sheriff, directing him to sell the 53⅓ acres at auction to satisfy the judgment in *Lindahl v. Graham*. To prevent the sale of the property, pursuant to that order of sale, this action was begun by Maude Graham, whose petition narrated in detail the matters set forth above.

The defendant Lindahl and the sheriff lodged a general demurrer against plaintiff's petition. This demurrer was overruled, and defendants appeal.

Obviously the trial court's judgment was controlled by the rule of *lis pendens*, and the propriety of its application to the case at bar is the only question which requires our consideration. The Kansas doctrine of *lis pendens* is largely a matter of statute. The pertinent provision of the code reads:

"When the petition has been filed, the action is pending, so as to charge third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject matter thereof as against the plaintiff's title; but such notice shall be of no avail unless the summons be served or the first publication made within sixty days after the filing of the petition. . . ." (Civ. code, 86, R. S. 60-2601.)

Applying that rule to this case, when Maude Graham filed her petition and instituted timely service of summons by publication thereon, Lindahl was charged with notice of its pendency and consequently he could not acquire as against her an interest in the subject matter of the action. This specific matter was the 53⅓ acres. There could be no mistake about that. If the derelict husband had owned a hundred acres and she had merely laid claim to some undefined portion of it, perhaps Lindahl's attachment would stand on more tenable ground. Here, however, the statute completely shut him out. Counsel for the sheriff cites an early Maryland case (*Feigley v. Feigley*, 7 Md. 537) which, according to his view, is at odds with the Kansas statute. We do not so read that decision. In that case there was no claim made for specific property, but only for a monetary award of alimony. Be that as it may, our own cases are conclusively to the effect that in an action for divorce and alimony, properly and timely instituted and prosecuted, where the plaintiff in her petition sets out specifically the property which she seeks to have subjected to her rights, third parties are thereby constructively notified, and the doctrine of *lis pendens* will protect her claim thereto against a third party's claim founded on some

legal process invoked subsequently. (*Wilkinson v. Elliott*, 43 Kan. 590, 23 Pac. 614; *Kremer v. Schutz*, 82 Kan. 175, 107 Pac. 780.) Such is the prevailing rule. (Ann. Cas. 1913D, 950.) In 1 Freeman on Judgments, 4th ed. pp. 360-363, it is said:

"A suit for divorce and for alimony and the division of common or other property may or may not operate as a *lis pendens*. If the complaint does not designate particular property, and seek to subject it to the satisfaction of the wife's claims, or to have it set aside as hers or for her use, she is not entitled to the benefit of the rules of *lis pendens*, because her suit does not apply to any specified part of the husband's estate, real or personal. . . . If, on the other hand, the pleadings in a suit for divorce describe specific property in respect to which relief is sought, either by making it chargeable with the payment of alimony, or setting it apart for the use of or as the property of one of the parties, or of partitioning or dividing it between them, the doctrines of *lis pendens* apply." (§ 196.)

"It is further essential to the existence of *lis pendens* that the particular property involved in the suit be so pointed out by the proceedings as to warn the whole world that they intermeddle at their peril. . . . ." (§ 197.)

". . . *Lis pendens* is notice of all facts apparent on the face of the pleadings, and of those other facts of which the facts so stated necessarily put the purchaser on inquiry; . . . ." (§ 198.)

An attachment *lis pendens* is certainly no stronger than a purchase *lis pendens*, and the excerpts just quoted from Mr. Freeman's treatise fit this case like a glove.

Counsel for appellant suggest the possibility that if the law is as declared by the trial court and now reiterated by us—

"Then another safe and easy way to cheat and defraud creditors has been disclosed. If husband and wife are financially embarrassed and desire to do so, the wife can simply file a suit for divorce, claiming everything in sight, and trust to some kind-hearted and sympathetic judge to grant her prayer."

Such an argument could only be availing if addressed to the legislature, and there it would probably be met with the suggestion that unless the wife whose grievances constrain her to seek judicial relief has her rights protected by the rule of *lis pendens* that another safe and easy way to cheat and defraud her would be disclosed to the delinquent husband. If his wife should sue him for alimony and lay claim to have specific property adjudged to her for its satisfaction, an accommodating friend of the husband could readily defeat that claim by a subsequent attachment in a suit against the husband to which only a simulated defense need be made, or no defense whatever.

The judgment is affirmed.