No. 29,244.

School District No. 19 of Sheridan County, *Appellant*, v. Sheridan Community High School of Sheridan County, and the Board of County Commissioners of the County of Sheridan, *Appellees.*

(286 Pac. 230.)

Opinion filed April 5, 1930.

*W. L. Sayers,* of Hill City, for the appellant.
*C. L. Thompson,* of Hoxie, for the appellees.

The opinion of the court was delivered by

Jochems, J.: This was an action brought to obtain a declaratory judgment. The court sustained demurrers to the petition and plaintiff has appealed.

The petition set forth in substance the following:

That the appellant school district No. 19 is an ordinary common-school district in which the city of Hoxie, a city of the third class, is located; that in 1903 the legislature enacted chapter 471 of the Laws of 1903, which provided for the establishment and maintenance of a county high school in Sheridan county. The act required

that "the district board of the district where it is sought to establish such high school shall give a written guaranty to the county that said school district shall provide suitable rooms for said school so long as said high school is maintained in said district." That the school board of district No. 19 executed a written guaranty, copy of which was attached to plaintiff's petition and reads as follows:

"HOXIE, KAN., August 3, 1903.

"*To the Board of County Commissioners of Sheridan County, Kansas:* We the undersigned school board of district No. 19, in and for Sheridan county, Kansas, do hereby, in accordance with the provisions of chapter 471 of the Session Laws of 1903, relating to the establishment of a county high school in Sheridan county, Kansas, do hereby as such board, on behalf of the aforesaid school district, do hereby guarantee to the county of Sheridan and state of Kansas that said school district will provide suitable rooms for a high school in said district so long as the high school is maintained in said district in accordance with and under the terms and provisions of the aforesaid law."

The petition further set up that the plaintiff school district provided the rooms for the county high school under the guaranty, and is continuing to provide rooms for the high school which is now known as the Sheridan community high school.

In 1923 the legislature enacted a statute (R. S. 1923, 72-2501 to 72-2506) by the terms of which all county high schools, including the Sheridan county high school, were disorganized and instead there were created community high schools. Prior to the passage of this act in 1923 the Sheridan county high school as created by the act of 1903, *supra,* was supported by taxes levied on all of the taxable property in Sheridan county. The district of the present community high school is different from the original Sheridan county high-school district in that the community high-school district does not include any territory included in any other accredited high school, and as a result of that provision in the act of 1923, a substantial amount of the taxable property of Sheridan county does not bear any part of the burden of supporting the present Sheridan community high school. The petition further alleged that there are also material changes in the management, the course of study and other essentials under the act of 1923, so that the Sheridan community high school is not maintained in accordance with the provisions of the original law which established the Sheridan county high school in 1903. The petition alleged that conditions have changed in the community and as a result an unfair burden

is placed upon the plaintiff district in requiring it to furnish rooms for the housing of the community high school, which community high-school district includes many thousand acres of lands not within the boundaries of school district No. 19.

The plaintiff contends that it is not now under any obligation to continue to furnish the rooms for the community high school, and seeks a declaratory judgment on its petition. Demurrers were sustained by the court, and plaintiff appeals to this court, contending that the demurrers should not have been sustained but that it should have had a declaratory judgment. In this the plaintiff is right. Since the petition set forth an "actual controversy," over the interpretation of statutes, the court should have overruled the demurrers and proceeded with the cause as contemplated by the provisions of R. S. 60-3127 to 60-3132, inclusive.

When the legislature passed the act of 1923 it disorganized the school district theretofore known as the Sheridan county high school and substituted in its place the Sheridan community high school. Under chapter 471 of the Laws of 1903 the county high-school district was liable for the maintenance of the Sheridan county high school. This district comprised the entire county. But under the community high-school law enacted in 1923 the district was reduced to that portion of the county "not included in the territory of other accredited high schools." In view of this material change in the district liable to taxation for the support and maintenance of the high school, we hold that the guaranty previously given by the board of school district No. 19, set out heretofore, is no longer binding on the plaintiff district.

Since there is no agreement between plaintiff and the defendant community high-school district which binds plaintiff to furnish rooms for the community high school, it follows that plaintiff is free from any obligation to do so.

The cause is reversed with instructions to the trial court to overrule the demurrers and render judgment in accordance herewith, the costs to be divided equally between the parties.