No. 48,693

JOHN J. CADY, *Appellant,* v. LOWANDA B. CADY and STATE OF KANSAS, *Appellees.*

(581 P.2d 358)

Opinion filed July 15, 1978.

*E. Lael Alkire,* of Alkire, Wood, Wilson & Wilson, of Wichita, argued the cause, and *Patrick J. Regan* and *James J. McGannon,* of Regan & McGannon, of Wichita, were with him on the brief for the appellant.

*Clarence J. Malone,* assistant attorney general, argued the cause, and *Curt T. Schneider,* attorney general, and *Donald R. Hoffman,* assistant attorney general, were with him on the brief for the appellee State of Kansas.

*Jerry G. Elliott,* of Foulston, Siefkin, Powers & Eberhardt, of Wichita, argued the cause, and *Gerald L. Green,* of the same firm, was with him on the brief for the appellee Lowanda B. Cady.

The opinion of the court was delivered by

OWSLEY, J.: This is a declaratory judgment action brought to construe the provisions of K.S.A. 1972 Supp. 60-1610(*b*) (now K.S.A. 60-1610[*c*]). The issue is whether a spouse has a species of common or co-ownership in property held in the name of the other spouse before a judgment in a divorce action divides the property.

John J. Cady, plaintiff, and Lowanda B. Cady, defendant, were married in 1956. On February 28, 1973, they were divorced. The decree of divorce incorporated an executed property settlement agreement which determined alimony and a division of property. Included therein was a provision requiring plaintiff to assign to defendant 50,000 shares of corporate stock held in his name. This stock, as well as other stock retained by plaintiff under the property settlement agreement, was acquired during the marriage. After the divorce the Internal Revenue Service assessed a substantial income tax deficiency on the basis there had been a taxable transfer of appreciated property under 26 U.S.C. §§ 1001 and 1002.

Plaintiff filed this lawsuit against his former wife to determine the nature of the transfer under the laws of Kansas. Plaintiff joined the Director of Taxation of the Department of Revenue for the State of Kansas, fearing the state was also preparing to assess a tax deficiency.

The trial court dismissed the action on the basis that (1) it lacked jurisdiction of the subject matter of the action, (2) there was no real case in controversy, and (3) the action was a collateral attack on the original divorce decree. For the reasons set forth below we reverse.

The decision of the I.R.S. to assess taxes against property held by one spouse and transferred in a divorce proceeding to the other spouse evolves from *United States v. Davis,* 370 U.S. 65, 8 L.Ed.2d 335, 82 S.Ct. 1190 (1962), reh. denied 371 U.S. 854, 9 L.Ed.2d 92, 83 S.Ct. 14. There a Delaware taxpayer transferred shares of stock to his wife pursuant to a property settlement agreement executed prior to divorce. The I.R.S. assessed a capital gains tax against the taxpayer for one-half the appreciation on the stock. The taxpayer paid the assessment and sued to recover for the alleged overpayment in the court of claims. He recovered there but the United States Supreme Court reversed.

The decision of the Supreme Court revolved around the issue of whether the stock transaction was a taxable event. If the disposition of the stock was a sale or other transfer the tax was due; otherwise, it was not. The taxpayer asserted the disposition was comparable to a division of property between two co-owners and was not a transfer. The government, on the other hand, contended the transaction resembled a taxable transfer of prop-

erty given in exchange for an independent legal obligation (support and alimony). Although the Court recognized the binding effect of the Delaware law, it found there was no co-ownership by the wife in the husband's property, and held the transfer had been made to satisfy an independent and taxable legal obligation.

Under federal tax statutes a taxable transfer presents a question controlled by federal law. State law may control only in event the federal tax law, by express language or necessary implication, makes operation of the tax law dependent upon state law. (*Lyeth v. Hoey,* 305 U.S. 188, 83 L.Ed. 119, 59 S.Ct. 155 [1938].) Where state law controls, federal courts must ascertain and apply state law. (*Huddleston v. Dwyer,* 322 U.S. 232, 88 L.Ed. 1246, 64 S.Ct. 1015 [1944].) The field of domestic relations belongs exclusively to the state. (*McCarty v. Hollis,* 120 F.2d 540 [10th Cir. 1941].) Actions of this nature have been considered and decided by the Supreme Courts of the states of Colorado and Oklahoma.

In *Pulliam v. C.I.R.,* 329 F.2d 97 (10th Cir. 1964), the Tenth Circuit applied the *Davis* decision to Colorado law, holding that such a property transfer was taxable. The court reasoned that since under Colorado law a wife did not have a vested right in any part of her husband's property during marriage, acquiring the property in a divorce was a taxable transfer. This decision was later nullified by the Colorado Supreme Court in *Questions Re Imel v. U.S.A.,* 184 Colo. 1, 517 P.2d 1331 (1974). There the court disapproved the position of the federal appeals court and held:

". . . [U]nder Colorado law, the transfer involved here was a recognition of a 'species of common ownership' of the marital estate by the wife resembling a division of property between co-owners. We answer in the negative whether the transfer more closely resembles a conveyance by the husband for the release of an independent obligation owed by him to the wife. . . .

"Except for those rights which vest upon the filing of the divorce action, we in no way change the Colorado law that a husband's property is free from any vested interest of the wife and, with a possible exception or two, he can sell it or give it away. . . ." (p. 8.)

The question was resolved in Oklahoma in a series of four cases. The first was *Collins v. C.I.R.,* 388 F.2d 353 (10th Cir. 1968) (*Collins* I). There the court followed *Pulliam* and held that the transfer was taxable under Oklahoma law. In *Collins v. Oklahoma Tax Commission,* 446 P.2d 290 (Okla. 1968) (*Collins* II), the Oklahoma Supreme Court disagreed with the holding in *Collins* I and held the transfer was a division of property between

co-owners and not a taxable event. On the heels of *Collins* II, the United States Supreme Court decided *Collins v. Commissioner of Internal Revenue,* 393 U.S. 215, 21 L.Ed.2d 355, 89 S.Ct. 388 (1968) (*Collins* III). It remanded *Collins* I to the lower court for a redetermination of its prior holding in light of *Collins* II. On remand the court of appeals reversed itself and followed *Collins* II, stating:

"As indicated in the former opinion, we read United States v. Davis, 370 U.S. 65, 82 S.Ct. 1190, 8 L.Ed.2d 335 (1962) to require that state law be consulted in determining the nature of the disposition of property undertaken in connection with a termination of marital relations. Just as the Court in Davis, we seek to determine whether, under state law, the present transfer more nearly resembles a nontaxable division of property between co-owners, or whether it is a taxable transfer in exchange for the release of an independent legal obligation. Having the benefit of an interpretation of state law on this very point, we must conclude that the stock transfer operated merely to finalize the extent of the wife's vested interest in property she and her husband held under 'a species of common ownership.'

"The Commissioner agrees that state law is significant, but argues that a determination of whether the wife's rights in the transferred property reach the dignity of co-ownership does not depend upon the labels assigned to that interest for state tax purposes. It is contended that when the Court in Davis discussed such factors as right of control, descendable interest, and the like, federal criteria were established that must be met before the rights conferred by state law can be said to constitute co-ownership. The language of Davis will not support that interpretation. The Court merely discussed certain general characteristics of co-ownership in an attempt to determine whether the wife possessed the rights of a co-owner under state law. In so doing, the Court determined that 'regardless of the tags, Delaware seems only to place a burden on the husband's property rather than to make the wife a part owner thereof.' 370 U.S. at 70, 82 S.Ct. at 1193. Collins v. Oklahoma Tax Commission proclaims that in Oklahoma the wife is made 'a part owner thereof,' consequently, there is no need to search state law for indications of other factors that might signify the nature of the wife's property interest.

"In sum, we look to the law of the state, as the Supreme Court did in Davis and as this court did in Pulliam v. C.I.R., 329 F.2d 97 (1964), and conclude that the transfer of stock was a nontaxable division of property between co-owners." (*Collins v. C.I.R.,* 412 F.2d 211, 212 [10th Cir. 1969].)

Subsequently, the Oklahoma court modified *Collins* II, limiting the vesting of the rights in the wife to the filing of the divorce action. The court stated:

"Plaintiff argues she has a vested interest in property acquired during coverture and for that reason the gratuitous gifts were in and of itself a fraud on her marital rights. In support of her conclusion she cites two cases. Collins v. Oklahoma Tax Commission, Okl., 446 P.2d 290; Thompson v. Thompson, 70 Okl. 207, 173 P. 1037 (1918). We disagree. Both of these cases involve an interpretation of jointly acquired property under our divorce statutes. They do not purport to construe the

vested interest of a wife in jointly acquired property beyond the statutory disposition of property in a divorce action. When a divorce action is pending her right to the jointly acquired property is vested. But the vesting takes place by reason of the divorce pendency under our statute and not by the marriage relationship which existed between the parties." (*Sanditen v. Sanditen,* 496 P.2d 365, 367 [Okla. 1972].)

While the question is one of first impression in this state, *Davis* was applied to Kansas case law in *Wiles v. C.I.R.,* 499 F.2d 255 (10th Cir. 1974). There the appeals court distinguished Oklahoma and Colorado law from Kansas law and held that under Kansas law such a transfer of property is to be treated as a taxable exchange. The court stated that under the pertinent statutes and decisions a wife has no vested co-ownership in property of the husband during marriage.

The division of property pursuant to a divorce proceeding is controlled by K.S.A. 1972 Supp. 60-1610(*b*). The statute states:

"The decree shall divide the real and personal property of the parties, whether owned by either spouse prior to marriage, acquired by either spouse in his or her own right after marriage, or acquired by their joint efforts, in a just and reasonable manner, either by a division of the property in kind, or by setting the same or a part thereof over to one of the spouses and requiring either to pay such sum as may be just and proper, or by ordering a sale of the same under such conditions as the court may prescribe and dividing the proceeds of such sale."

Historically, division of property has been a concept separate and apart from alimony. In *Garver v. Garver,* 184 Kan. 145, 147, 334 P.2d 408 (1959), this court said:

"We are of the opinion that alimony and property division are completely separate and that a wife who prevails in a divorce action is entitled to both alimony and division of property. The right to alimony is separate and distinct from the right to division of the property jointly acquired by the parties during the marriage. The doctrine of alimony is based upon the common law obligation of the husband to support his wife, which obligation is not removed by her obtaining a divorce for his misconduct. Division of property, on the other hand, has for its basis the wife's right to a just and equitable share of that property which has been accumulated by the parties as a result of their joint efforts during the years of the marriage to serve their mutual needs. In this sense, the marital relationship is somewhat analogous to a partnership, and when the relationship is dissolved the jointly acquired property must be divided, regardless of which party has been at fault. . . ."

K.S.A. 1972 Supp. 60-1610(*b*) broadens the power of the court in entering orders for a division of property over that set forth in *Garver.* The court is no longer restricted to a division of property which is accumulated as a direct result of joint efforts of the

spouses during the marriage. (*Parish v. Parish,* 220 Kan. 131, 551 P.2d 792 [1976].) In the present action we are concerned only with the taxable status of jointly acquired property.

Prior to the filing of a petition for divorce a spouse may dispose of his or her personal property without regard to the other spouse. (*Eastman, Administrator v. Mendrick,* 218 Kan. 78, 542 P.2d 347 [1975]; *Winsor v. Powell,* 209 Kan. 292, 497 P.2d 292 [1972].) At that time a spouse possesses only an inchoate interest in real estate held by the other spouse. (*McGill v. Kuhn,* 186 Kan. 99, 348 P.2d 811 [1960].) The filing for divorce, however, has a substantial effect upon the property rights of the spouses. At that moment each spouse becomes the owner of a vested, but undetermined, interest in all the property individually or jointly held. The court is obligated to divide the property in a just and equitable manner, regardless of the title or origin of the property. (*McCain v. McCain,* 219 Kan. 780, 549 P.2d 896 [1976]; *McCrory v. McCrory,* 216 Kan. 359, 533 P.2d 278 [1975]; *Almquist v. Almquist,* 214 Kan. 788, 522 P.2d 383 [1974].)

We hold that the filing of a petition for divorce or separate maintenance creates a species of common or co-ownership in one spouse in the jointly acquired property held by the other, the extent of which is determined by the trial court pursuant to K.S.A. 1972 Supp. 60-1610(*b*). Except for those rights which vest by virtue of the filing of the divorce action, we in no way change the interest of one spouse in the property held by the other, or in the ability of the other spouse to convey, sell or give away such property. Our decision is in accord with the cases decided by the Oklahoma and Colorado courts. We have examined the pertinent statutes in those jurisdictions and, contrary to the conclusion in *Wiles v. C.I.R.,* supra, we find no differences which prevent this court from assigning precedential value to the Oklahoma and Colorado cases.

Defendant Lowanda B. Cady argues that we should consider the effect of recently enacted legislation in Kansas (L. 1978, ch. 134) in the determination of the issue in this case. This act appears to identify part of the property of a husband and wife as marital property. We have concluded the effect of this statute should not be considered in the present action. We do so for two reasons. First, the statute was not in effect at the time of the divorce. Second, we do not accept defendant's argument that the

enactment of this statute created a presumption the legislature was attempting to change pre-existing law. There can be no presumption when the legislature has not enacted laws related to the issue in this action and when the issue has not heretofore been determined by the appellate courts of this state.

The subject matter contained in plaintiff's petition involved a determination of the nature of a division of property pursuant to K.S.A. 1972 Supp. 60-1610(*b*). Since K.S.A. 60-1701 (declaratory judgments) specifically includes controversies involving the validity or interpretation of a statute, a district court is under a duty to proceed with the cause if the petition sets forth facts showing an actual controversy. (*Wagner v. Mahaffey*, 195 Kan. 586, 588, 408 P.2d 602 [1965]; *Huber v. Schmidt*, 188 Kan. 36, 39, 360 P.2d 854 [1961]; *School District v. Sheridan Community High School*, 130 Kan. 421, 286 Pac. 230 [1930].) Courts do not render advisory opinions on abstract questions of law unless there is an actual dispute between the parties. (*Wagner v. Mahaffey*, supra; *Witschner v. City of Atchison*, 154 Kan. 212, 117 P.2d 570 [1941]; *City of Cherryvale v. Wilson*, 153 Kan. 505, 112 P.2d 111 [1941]; *Kern v. Newton City Commissioners*, 151 Kan. 565, 100 P.2d 709, 129 A.L.R. 1156 [1940]; *Klein v. Bredehoft*, 147 Kan. 71, 75 P.2d 232 [1938]; *West v. City of Wichita*, 118 Kan. 265, 234 Pac. 978 [1925].)

Here an actual controversy exists between plaintiff and his former wife as to the nature of the transfer of stock. In view of the requirement that the federal courts must follow the state law as stated in *United States v. Davis*, supra, each party will be affected by the outcome of this action. At oral argument the state indicated it intended to assess a tax deficiency against plaintiff similar to that assessed by the I.R.S. The case clearly involves an issue having serious implications for all parties concerned and is more than an abstract question of law.

We do not find plaintiff's lawsuit to be a collateral attack upon the property settlement or the previous divorce decree. Plaintiff's goal is to interpret, not attack. Such a purpose is within the scope of a declaratory judgment action. (See, *Savage v. Savage*, 192 Kan. 230, 387 P.2d 190 [1963]; *Bodle v. Balch*, 185 Kan. 711, 347 P.2d 378 [1959]; 49 C.J.S., Judgments, § 408, p. 805.)

The trial court erred in dismissing this action and because the issue involves a question of law which the parties have fully

briefed and argued we find the case should be decided on its merits. We therefore remand the case to the trial court with directions to enter judgment in favor of the plaintiff in accord with this opinion.