No. 59,341

In the Matter of the Marriage of WARREN EDWARD SMITH and JENNIFER ANN SMITH, *Appellant,* v. AIFAM ENTERPRISES, INC., *Intervenor/Appellee.*

(737 P.2d 469)

Opinion filed May 1, 1987.

*Gail A. Jensen,* of Wichita, argued the cause, and *Paul D. Hogan,* of Wichita, was with him on the brief for appellant.

*James M. Armstrong,* of Foulston, Siefkin, Powers & Eberhardt, of Wichita, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: Appellee AIFAM Enterprises, Inc., (AIFAM) intervened in the divorce action between the petitioner Warren Edward Smith and respondent Jennifer Ann Smith. The district court held that AIFAM had a lien on the property of Warren. Respondent Jennifer Ann Smith appealed. The Court of Appeals reversed in an unpublished opinion filed November 26, 1986. We granted review on a petition filed by appellee.

The facts are not disputed. Jennifer and Warren Smith were married on August 1, 1981. On April 12, 1984, Warren filed a petition for divorce. On the same day, appellee AIFAM, which had employed Warren as its corporate pilot since 1981, confronted him with allegations of conversion of corporate funds, to which he admitted. Late in the same day, appellee terminated Warren's employment. On April 13, 1984, Warren sought to gain control of appellee's aircraft. Unsuccessful in this endeavor, he

stole another aircraft, a Lear Jet belonging to a Kentucky coal company, and took off, never to be heard from again. He has been charged by federal law enforcement officials with theft of the aircraft and possession of cocaine. The federal authorities have been unsuccessful in serving arrest warrants on Warren since April 1984.

After the filing of the divorce action on April 12, Jennifer answered and cross-petitioned on April 19. On April 23, 1984, appellee filed suit against Warren for fraud, embezzlement, and conversion. On June 20, 1984, it received a judgment in the amount of $310,571.73.

There is no dispute as to the property the Smiths owned, and it may be summarized as follows:

A. Property Owned Solely by Warren

1. Real estate located at 9909 W. 12th, Wichita, Kansas (acquired prior to 1981);

2. a Datsun 280Z automobile (date of acquisition not stated);

3. a Grumman TR2 aircraft (acquired during the marriage);

4. a helicopter (acquired during the marriage); and

5. certain funds held in checking accounts, money market accounts, and individual retirement accounts (dates of acquisition not stated).

B. Property owned jointly by Warren and Jennifer

1. A condominium located at 1443-1 Smith Court, Wichita, Kansas;

2. a time-share condominium located in the Cayman Islands;

3. a 1979 Toyota pickup truck;

4. personal property valued between $20,000 and $30,000 reported by Jennifer to have been stolen on or about April 14, 1984.

On January 6, 1986, the district court entered its findings that appellee had a priority lien and stated that appellee's claim "takes precedence over any claim of the undivorced spouse." Jennifer appealed to the Court of Appeals, which reversed.

The sole issue on appeal is whether the Court of Appeals erred

in holding that a creditor who obtains a judgment against one spouse during the pendency of a divorce action is precluded from collecting its judgment by executing against or claiming a lien on property owned individually or jointly by the debtor spouse.

The Court of Appeals held that the present case was not one of "priority" but simply one of the extent of Jennifer's ownership of the property. We agree. The Court of Appeals found persuasive the language of this court in *Cady v. Cady*, 224 Kan. 339, 581 P.2d 358 (1978), which stated:

"Prior to the filing of a petition for divorce a spouse may dispose of his or her personal property without regard to the other spouse. [Citations omitted.] At that time a spouse possesses only an inchoate interest in real estate held by the other spouse. [Citation omitted.] The filing for divorce, however, has a substantial effect upon the property rights of the spouses. At that moment each spouse becomes the owner of a vested, but undetermined, interest in all the property individually or jointly held. The court is obligated to divide the property in a just and equitable manner, regardless of the title or origin of the property. [Citations omitted.]

"We hold that the filing of a petition for divorce or separate maintenance creates a species of common or co-ownership in one spouse in the jointly acquired property held by the other, the extent of which is determined by the trial court pursuant to K.S.A. 1972 Supp. 60-1610(*b*). Except for those rights which vest by virtue of the filing of the divorce action, we in no way change the interest of one spouse in the property held by the other, or in the ability of the other spouse to convey, sell or give away such property." 224 Kan. at 344.

Appellee argues that the Court of Appeals' reliance on *Cady* is inappropriate since *Cady* did not "involve the rights of a judgment creditor during the pendency of [the] divorce." The same, however, is true of the only case appellee cites in support of its position, *Jayhawk Equipment Co. v. Mentzer*, 193 Kan. 505, 394 P.2d 37 (1964).

In *Cady*, we held that the filing of a divorce petition creates a species of common or co-ownership in one spouse in the jointly acquired property held by the other. The Court of Appeals relied upon *Cady* in its finding that appellee could not attempt to create an interest in marital property which it did not have prior to the filing of the petition. Appellee attempts to distinguish *Cady* by arguing that *Cady* involved a tax dispute and did not involve the rights of third party creditors. On the other hand, appellant relies on K.S.A. 23-201 as granting to her as of the time the divorce

petition was filed, a vested interest in all property owned by her husband. K.S.A. 23-201 provides:

"(a) The property, real and personal, which any person in this state may own at the time of the person's marriage, and the rents, issues, profits or proceeds thereof, and any real, personal or mixed property which shall come to a person by descent, devise or bequest, and the rents, issues, profits or proceeds thereof, or by gift from any person except the person's spouse, shall remain the person's sole and separate property, notwithstanding the marriage, and not be subject to the disposal of the person's spouse or liable for the spouse's debts.

"(b) All property owned by married persons, whether described in subsection (a) or acquired by either spouse after marriage, and whether held individually or by the spouses in some form of co-ownership, such as joint tenancy or tenancy in common, shall become marital property at the time of commencement by one spouse against the other of an action in which a final decree is entered for divorce, separate maintenance, or annulment. Each spouse has a common ownership in marital property which vests at the time of commencement of such action, the extent of the vested interest to be determined and finalized by the court, pursuant to K.S.A. 1980 Supp. 60-1610 and amendments thereto."

The Court of Appeals correctly noted that appellant's reliance on K.S.A. 23-201 to compel a judgment in her favor was as misplaced as appellee's reliance on *Jayhawk Equipment.* In *Wachholz v. Wachholz,* 4 Kan. App. 2d 161, 163-64, 603 P.2d 647 (1979), the Court of Appeals held that the purpose for the legislature's amendment of K.S.A. 23-201 to add subsection (b) was solely to clarify that a transfer of marital property on divorce is a transfer between co-owners and does not alter prior Kansas law. However, this court's decision in *Cady* was expressly decided without relying on 23-201(b), instead relying on prior Kansas law and the principles underlying K.S.A. 1986 Supp. 60-1610(b). The argument that 23-201(b) changed Kansas law was rejected by this court.

*Jayhawk Equipment* does deal with the rights of judgment creditors but *not,* to use appellee's language, "the rights of a judgment creditor *during the pendency of* [the] *divorce.*" (Emphasis added.) In *Jayhawk Equipment,* the third party creditor obtained a judgment against the debtor husband and was unsuccessful in executing judgment against him. The creditor then attempted to execute a lien on property the wife had received under a divorce decree that occurred prior to the creditor's judgment. This court held that the judgment creditor could not levy on property received by the wife under the prior decree.

The court stated, "A wife in a divorce action, if not an actual creditor of the husband, is at least such a quasi creditor that she can rely on her husband's obligation to support her and the minor children as consideration for a property settlement approved in a divorce decree." 193 Kan. at 509. The court then stated the "general rule that a divorce decree approving an agreement transferring a husband's real estate to his wife vests her with an equitable interest superior to the claim of an existing creditor of the husband who subsequently obtains a judgment." 193 Kan. at 510. The court noted that, in *Graham v. Pepple*, 129 Kan. 735, 284 Pac. 394 (1930), this court had a similar situation before it. The *Graham* court held:

"Where an action for divorce and alimony is properly and timely instituted and prosecuted by a wife against her husband, and in her petition she specifically claims the right to have a definitely described tract of land within the jurisdiction belonging to the husband set apart to her as permanent alimony, a third party cannot acquire an interest in that property by the subsequent institution of an action against the husband for the recovery of money and by attaching that particular tract of land to the satisfaction of any judgment he may obtain against the husband; and although judgment in the attaching creditor's case is rendered some time before the rendition of the judgment in the wife's action awarding her the property as permanent alimony, she is entitled to injunctive relief to protect her rights in the property against its sale to satisfy the judgment of the attaching creditor." Syl.

"Be that as it may, our own cases are conclusively to the effect that in an action for divorce and alimony, properly and timely instituted and prosecuted, where the plaintiff in her petition sets out specifically the property which she seeks to have subjected to her rights, third parties are thereby constructively notified, and the doctrine of *lis pendens* will protect her claim thereto against a third party's claim founded on some legal process invoked subsequently. (*Wilkinson v. Elliott*, 43 Kan. 590, 23 Pac. 614; *Kremer v. Schutz*, 82 Kan. 175, 107 Pac. 780.) Such is the prevailing rule. (Ann. Cas. 1913D, 950.)" 129 Kan. at 737-38.

This court further noted in *Jayhawk Equipment* that the divorce action was not pending when the creditor received judgment against the husband. Appellee attempts to use this limitation on the holding in *Jayhawk Equipment* to infer that, if the judgment were received prior to the divorce decree and division of property, the rule in *Jayhawk Equipment* compels finding for the judgment creditor. The inference is unwarranted. Our holding in *Jayhawk Equipment* simply notes that the court was not presented with the issue of a creditor with a judgment rendered

prior to the decree; it does not in any way suggest what the ruling would be if such a case were to arise.

In summary, we held in *Jayhawk Equipment* that a creditor who obtains judgment *after both* the filing of the divorce petition *and* the final decree will not be able to reach the property decreed to the nondebtor spouse. If the creditor obtains judgment and levies *prior* to the filing of the divorce petition, the judgment creditor would, of course, prevail. In *Graham,* we held that, where the property is definitely described in the petition, one who purchases or acquires an interest in the property after the petition for divorce has been filed does so subject to the judgment subsequently rendered by the court, and injunctive relief was granted to protect the spouse's rights in the property against a sale to satisfy the judgment of the attaching creditor.

Appellee argues that to uphold the ruling of the Court of Appeals will create insufferable burdens and expose helpless creditors to fraud. This court was presented with a similar argument in *Jayhawk Equipment.* There we held that a third party receiving judgment against a debtor spouse after a divorce decree could not levy on property received by the nondebtor spouse, and "disposed of the suggestion that the rule would [be an] easy way to cheat creditors." 193 Kan. at 511 (citing *Graham v. Pepple,* 129 Kan. at 738). In *Graham,* the Supreme Court had responded to such an argument by a creditor by noting, first, that the proper forum for making such an argument was the legislature and not the courts and, second, that, if the argument were accepted, it would enable a husband and a third party to defraud the wife. 129 Kan. at 738.

We note that there is no evidence in the present case to indicate that the property appellee seeks to acquire is the product of the assets that Warren Smith converted, or that Jennifer Ann Smith knew of the conversion. The record does not reveal when most of the listed assets were acquired or, in the case of the Wichita residence, reveals it was acquired *prior* to Warren's employment by appellee. Appellee stresses that Warren's "annual salary never exceeded $47,000," and apparently seeks to create the inference that all the property sought must be the product of Warren's misdeeds. Yet it does so without providing any evidence relating to Warren's income from outside sources

during his employment by appellee, any evidence of Warren's assets prior to the employment, or the value of most of the assets sought.

Appellee attempts to analogize itself to a secured creditor. We do not agree with the analogy. A party who has a secured claim on property or a judgment rendered in its favor prior to the filing of the divorce petition will not be affected by this decision. The property of the marital estate will necessarily carry with it such related debt. Appellee's claim against Warren is a completely personal action and one which, as far as the record would indicate, is unrelated to the property which it now seeks to claim. Appellee is not a typical creditor of one or both spouses in a divorce action; it is not a creditor with a security interest in specific property. It is instead a third party who has obtained a default judgment against one spouse in a *tort* action after the petition was filed and prior to the rendering of the divorce decree.

The Court of Appeals decision does not have broad implications for creditors with claims against specific property within the marital estate. If the third party can prove that the nondebtor spouse participated in a fraud against it, it would have an independent claim against that spouse. If the third party could prove that the property decreed to the nondebtor spouse was the product of the fraud against it, it would have a claim to that property. The third party would thus be able to reach any or all property decreed to the debtor spouse. If the property decreed to the nondebtor spouse was "unreasonable in amount or in excess of her reasonable requirements under the circumstances," the third party would be able to reach that excess. *Jayhawk Equipment Co. v. Mentzer*, 193 Kan. at 510.

The trial court is obliged to divide the property of the parties in a divorce action on a just and reasonable basis. K.S.A. 1986 Supp. 60-1610(b)(1). Allowing third parties, after the petition has been filed, to obtain a personal judgment against one of the spouses and then seek to claim property to which no claim had existed prior to the petition would be to interfere with the ability of the trial court to divide the property on a fair and equitable basis.

There is no indication in the record that appellee was negli-

gent in failing to discover Warren's conversion of assets from 1981 to 1984, nor is there any evidence in the record that Jennifer Ann Smith was aware of her husband's activities. We are presented with two parties, both apparently innocent of Warren's activities, and must decide who should bear the loss. We decide that appellee, having failed to establish prior to the filing of the divorce petition any interest in the property currently at issue, should bear the loss.

We hold that the filing of a petition for divorce creates a species of common or co-ownership and a vested interest in one spouse in all the property individually or jointly owned by the other, the extent of which is to be determined pursuant to K.S.A. 1986 Supp. 60-1610(b). Until that determination is made by the trial court, the property is not subject to a lien or execution based upon a judgment obtained against one spouse during the pendency of the divorce action.

The judgment against Warren was obtained while the divorce action was pending and, since appellee has no claim against Jennifer, it cannot execute on the judgment until the trial court determines what property will be set aside to Warren.

The decision of the Court of Appeals is affirmed, the judgment of the trial court is reversed and the case is remanded for proceedings in conformity with this opinion.

LOCKETT, J., not participating.