**In re Billie Lamont GARDNER, Debtor.**

**Terryl A. GARDNER, Plaintiff,**

**v.**

**William H. ZIMMERMAN, Jr., Trustee; and United States of America, Defendants.**

Bankruptcy No. 86–11972.
Adv. No. 88–0031.
Civ. No. 89–1006–K.

United States District Court,
D. Kansas.

June 13, 1989.

J. Michael Morris, Wichita, Kan., for plaintiff.

William H. Zimmerman, Jr., Wichita, Kan., Virginia J. Cronan, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., Legal Dept. IRS, Wichita, Kan., for defendants.

## MEMORANDUM AND ORDER

PATRICK F. KELLY, District Judge.

The present case involves an appeal by the United States from the decision of the bankruptcy court in *Gardner v. Zimmerman (In re Gardner)*, Ch. 7 Case No. 86–11972, Adv. No. 88–0031 (Bankr. D. Kan.1988). The bankruptcy court held that property awarded to the spouse of a debtor in a divorce decree is not subordinate to a tax lien filed on the debtor's property after the filing of the divorce petition.

Most of the relevant facts have been stipulated by the parties. The plaintiff-appellee, Terryl A. Gardner, is the former wife of the debtor in the present bankruptcy case, Billie L. Gardner. On January 22, 1985, the plaintiff filed a petition for divorce in Sedgwick County District Court.

The Internal Revenue Service filed a federal tax lien against Billie Gardner on August 4, 1986. Two days later, Gardner filed his bankruptcy petition. The IRS filed a release of lien against Terryl Gardner on August 27, 1986.

The bankruptcy court subsequently lifted the automatic stay to permit the divorce action to proceed. The state court was permitted to determine the marital status of the parties, award maintenance, and divide property. However, the bankruptcy court also ordered that the division of prop-

erty would not be conclusive as to the trustee.

In January 1987, the state court entered an order containing a decree of divorce. The state court order also contained a division of property which awarded to Terryl Gardner, in the view of the bankruptcy court, "virtually all property currently held by the trustee." Slip op. at 3.

The bankruptcy court entered its order determining the trustee's interests in the property on December 21, 1988. In addition to the stipulated facts mentioned above, the court made two additional findings of fact. The court first found that Terryl Gardner had filed a notice of *lis pendens* concerning property located in Harper County, Kansas, on July 14, 1986. The court also found that the debtor, Billie Gardner, had disappeared.

In its conclusions of law, the bankruptcy court found that it possessed subject matter jurisdiction to rule on the matter; that Terryl Gardner was entitled to recover property awarded to her in the divorce action; and that state law divested the trustee of any interest in the property awarded to Terryl Gardner. The United States has filed an appeal challenging the order of the district court requiring the trustee to turn over to Terryl Gardner property awarded to her in the divorce. The trustee has not appealed.

■ In its first argument, the United States argues that the bankruptcy court was without subject matter jurisdiction to address the validity of the tax liens. The United States contends that the property sought by Terryl Gardner was listed as exempt by the debtor. As exempt property (the argument goes), the property was not property of the estate and therefore not subject to the jurisdiction of the bankruptcy court pursuant to 28 U.S.C. § 157.

The bankruptcy court found that it had jurisdiction "to divest property from the estate during the pendency of the petition after inchoate ownership rights have been finally determined." Slip op. at 6. In the present appeal, the United States reiterates its earlier arguments that the bankruptcy court lacked jurisdiction. However, it is not necessary to resolve this issue since it is premised on a flawed assumption. A review of the record indicates that the property sought in Terryl Gardner's complaint does not include the property listed as exempt by her ex-husband.

The Schedule B–4 filed by Billie Gardner claims as exempt the following property:

| | |
|---|---|
| Residence | 1822 Ash, Harper, Kansas |
| Furniture | " " |
| Personal clothing | " " |
| Watches & miscellaneous jewelry | " " |
| 1984 Ford Van Economline | " " |
| Cash surrender value of life insurance | " " |
| TIAA annuity | " " |

The order entered by the Sedgwick County District Court in the divorce action, however, awarded to Terryl Gardner numerous items of property *not* listed as exempt above. Under the property division portion of the award, Terryl Gardner is awarded the following property:

1. Harper Clinic ($21,000)

2. 1114 Washington, [H]arper, Kansas ($27,500)

3. 1822 Ash, Harper, Kansas ($135,000)

4. 321 W. Ninth, Winfield, Kansas ($29,-500)

5. Mooney Aircraft N201CQ ($24,000)

6. '67 Beech Bonanza N87DB ($23,000)

7. '65 Beech Bonanza N2JX ($25,000)

8. Piper Tripacer (2) ($4,300)

9. Cessna Aircraft ($2,500)

10. '41 Interstate Aircraft ($1,000)

11. All property currently in her possession including but not limited to her jewelry and furs, 1984 Honda Accord automobile, 1978 Ford van ($47,930)

12. 1981 Honda, 2S, I.D. SJE3010057 ($7,000) 1977 Toyota Pickup I.D. RN28070241 ($4000) 1977 Honda 2H I.D. SBC5051671 ($3,000) 1977 Lincoln 4S I.D. 7W84H802721 ($6,000) 1974 Datsun, 4S I.D. HLB210483948

13. 1984 Ford Econovan, conversion van ($14,000)

14. Charlotte Meyer Trust Account at Anthony First National Bank ($17,000)

15. Insurance Policies on B.L. Gardner ($23,900)

16. TIAA retirement ($,494.45) [sic]

17. Anthony Family practice Clinic, $15,000 equity plus $26,553 in equipment

18. All farm and garden equipment ($18,809)

19. The Honda Three–Wheeler vehicle ($700.00)

20. All lawn tractors (Value unknown)

21. All personal items on Exhibit 35, 15, 13 ($6,245)

Plaintiff Terryl Gardner correctly notes that her complaint, when fairly read, does not seek to determine the validity of the tax liens with regard to the property located at 1822 Ash in Harper, Kansas, which was claimed as exempt in the B–4 Schedule filed by Billie Gardner. Rather, her complaint simply seeks to determine the validity of the tax liens as they relate to the remainder of the property awarded in the divorce decree, which is "currently held by Defendant William H. Zimmerman, Jr. as Trustee." The complaint's prayer for relief merely seeks an order "directing the Trustee to turnover" property held by him which had been awarded to Terryl Gardner in the divorce action. The complaint does not seek the adjudication of title to property awarded in the divorce action but not held as estate property by the trustee.

The argument of the United States, that a bankruptcy court does not possess jurisdiction to resolve the validity of tax liens relating to exempt property awarded to the ex-spouse of the debtor in a divorce decree, is therefore irrelevant, and it is unnecessary for the court to address the issue. Since plaintiff Terryl Gardner's complaint involved the validity of liens relating to nonexempt property held by the trustee, the bankruptcy court clearly had jurisdiction to determine the validity of these liens pursuant to 28 U.S.C. § 157(b)(2)(K).

█ The district court held that, under Kansas law, the interest of Terryl Gardner in the property claimed in her complaint prevailed over the interest of the trustee. It also found that the tax liens on this property had been divested by the property division in the divorce decree. The United States disputes this latter holding, contending that the tax liens remain valid and attached to the property at issue.

Both of the bankruptcy court's holdings relating to the respective interests of the trustee and the government in the property at issue were based primarily on the decision of the Kansas Supreme Court in *In re Marriage of Smith*, 241 Kan. 249, 737 P.2d 469 (1987).

In *Smith*, the husband and wife filed, respectively, a petition and cross-petition for divorce in April. The following June, before the decree of divorce, a creditor and former employer of the husband obtained judgment against him for fraud, embezzlement, and conversion. The creditor then filed a lien on the property of the marital estate. The property was subsequently awarded to the wife in the divorce decree.

In a well-reasoned opinion, the Supreme Court held that, between the creditor and the wife, the wife was entitled to the property. The court held that the creditor, by failing to file its lien prior to the filing of the petition for divorce, had only an indeterminate interest in the property of the marital estate, subject to divestment if the property was awarded to the wife. Because the creditor's claim was a personal claim against the husband only, and was unrelated to any specific property in the marital estate, the creditor possessed no interest in the property upon its award to the wife.

The *Smith* court noted that, under Kansas law, the trial court in a divorce proceeding was obligated to divide the property of the marital estate on a just and reasonable basis. It then concluded that permitting "third parties, after the petition has been

filed, to obtain a personal judgment against one of the spouses and then seek to claim property to which no claim had existed prior" to the filing of the petition, would compromise the ability of the trial court to fulfill this obligation. 241 Kan. at 255, 737 P.2d 469.

Therefore, the court concluded

that the filing of a petition for divorce creates a species of common or co-ownership and a vested interest in one spouse in all the property individually or jointly owned by the other, the extent of which is to be determined pursuant to K.S.A. 1986 Supp. 60–1610(b). Until that determination is made by the trial court, the property is not subject to a lien or execution based upon a judgment obtained against one spouse during the pendency of the divorce action.

241 Kan. at 256, 737 P.2d 469.

■ The bankruptcy court correctly determined that *Smith* was controlling in the present case. State law determines the nature and extent of ownership interests in property to which a tax lien may attach. *Acquilino v. United States*, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960). Under the law of Kansas, as reflected in the decision of the Kansas Supreme Court in *Smith*, the liens filed by the IRS did not survive the division of property in the divorce decree.

The United States seeks to distinguish *Smith*, and analogizes the present case to that presented in *United States v. Hershberger*, 475 F.2d 677 (10th Cir.1973), and *Tillery v. Parks*, 630 F.2d 775 (10th Cir. 1980). In both cases, the Tenth Circuit upheld the attachment of federal tax liens to marital property.

In *Hershberger*, the court held that a lien for unpaid taxes attached to the property of the tax-delinquent husband. 475 F.2d at 679. The court also found that the undivided one-half interest of the wife in the homestead property was immune from foreclosure under state law. In *Tillery*, the court again held that a lien for unpaid taxes attached to the undivided one-half interest in homestead property of the tax-delinquent husband. 630 F.2d at 777–778.

Neither *Hershberger* nor *Tillery*, however, involved tax liens which attached during the pendency of divorce proceedings. Neither addressed the potential divestment of the interest underlying the tax liens upon entry of a decree of divorce which awarded marital property to the nondelinquent spouse.

*Smith* is clearly on point. As in that case, a third party seeks to establish lien rights to property of the marital estate. The liens did not attach until after the filing of the petition for divorce. The liens represent the general claims of the third party creditor against one spouse only, and do not reflect claims tied to specific property.

Under applicable state law, the tax liens did not remain attached to the property awarded to Terryl Gardner. The liens represented the claim of the United States to the property of the debtor husband. The bankruptcy court therefore correctly concluded that, under *Smith*, any property interest the husband had "on the day the tax lien attached was subject to complete divestment by the divorce court." Slip op. at 12. The tax lien attached, but under state law it was subject to divestiture as to that property awarded to the nondelinquent spouse in the divorce decree.

IT IS ACCORDINGLY ORDERED this 13th day of June, 1989, that the order of the bankruptcy court is affirmed.