**Terryl A. GARDNER, Plaintiff,**

v.

**UNITED STATES of America and William H. Zimmerman, Jr., Trustee, First National Bank of Anthony, Kansas, and Charlotte Meyers, Defendants.**

**Civ. A. No. 90–1570–FGT.**

United States District Court,
D. Kansas.

Feb. 3, 1993.

J. Michael Morris, Christopher A. McElgunn, Klenda, Mitchell, Austerman & Zuercher, Wichita, KS, for Terryl A. Gardner.

William H. Zimmerman, Jr., Wallace & Zimmerman, Wichita, KS, for William H. Zimmerman, Jr.

Jim Forsyth, Newton Law Office, Anthony, KS, for First Nat. Bank of Anthony.

James J. Long, Office of Special Litigation, Tax Div., Washington, DC, Annette B. Gurney, Office of U.S. Atty., Wichita, KS, for U.S.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This is a quiet title action in which plaintiff, Terryl Gardner, seeks to clear title to property which was awarded to her in a divorce proceeding in Kansas state court.[1] Defendant United States claims the property in question is subject to a tax lien it holds for taxes assessed against plaintiff's former husband, Billie Gardner. Defendant First National Bank of Anthony claims that it has a security interest and right of setoff that takes priority over the tax lien and the plaintiff's property settlement.

Plaintiff is and was at all times relevant to this action a resident of the state of Kansas domiciled in Wichita, Sedgwick County, Kansas. Plaintiff filed a petition for divorce from

---

1. Plaintiff first filed her claim for the property in bankruptcy court. The bankruptcy judge held that the award of marital property to the plaintiff extinguished the government's tax lien on that property. *Gardner v. Zimmerman (In re Gardner)*, 101 B.R. 654 (D.Kan.1989). The United States appealed and the district court affirmed. *In re Gardner*, 101 B.R. 654 (D.Kan.1989). Appeal was then taken to the Tenth Circuit Court of Appeals, which held that the bankruptcy court did not have jurisdiction to decide the controversy between plaintiff and the United States because the divorce decree had removed the property in dispute from the bankrupt estate. *In re Gardner*, 913 F.2d 1515 (10th Cir.1990).

Billie Gardner in Sedgwick County, Kansas, on January 22, 1985. On August 4, 1986, the United States filed a Notice of Federal Tax Lien for taxes assessed against Billie Gardner on August 1, 1986. On August 6, 1986, Billie Gardner filed for federal bankruptcy protection. The bankruptcy court lifted the automatic stay to allow the divorce action to proceed in state court. On January 12, 1987, a divorce decree was entered, with virtually all the marital property awarded to plaintiff.

■ This matter is before the court on cross-motions for summary judgment filed by the plaintiff (Doc. 21) and defendant United States of America regarding the rights and interests of those parties in the property at issue. (Doc. 13). The court is familiar with the standards governing the consideration of a motion for summary judgment. The Federal Rules of Civil Procedure provide that summary judgment is appropriate when the documentary evidence filed with the motion "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A principal purpose "of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses...." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The court's inquiry is to determine "whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The parties agree on all the facts relevant to this motion.

■ The United States claims a lien on the property at issue pursuant to 26 U.S.C. § 6321, which provides:

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

The tax lien arises at the time of assessment of taxes. 26 U.S.C. § 6322. According to the United States, rights to Billie Gardner's separate property belonged to him at the time of assessment, and the plaintiff at that time had only an inchoate interest in the such property. The United States claims that the plaintiff did not acquire any rights to Billie Gardner's property until the divorce decree was entered. Therefore, it argues, the tax lien takes priority over the plaintiff's interest in the property because her claim was not reduced to judgment until after the taxes were assessed. The plaintiff, on the other hand, asserts that she became a co-owner of Billie Gardner's property when she filed the divorce petition. Therefore, according to plaintiff, priority is not an issue, because the tax lien could not attach to her property.

The outcome in this case rests on the answers to two questions. First, what was the nature of the property interests held by Billie Gardner and plaintiff at the time of the assessment? Second, was Billie Gardner's interest in the marital property sufficient for the tax lien to attach to the marital property?

The court must first decide what property interest parties to a divorce action hold after a divorce petition is filed but before a divorce decree is entered. Property rights are a matter of state law. *See United States v. Rodgers,* 461 U.S. 677, 683, 103 S.Ct. 2132, 2137, 76 L.Ed.2d 236 (1983). In this case the law of the State of Kansas controls. The Kansas Supreme Court has held that when one spouse files for divorce, the interests in property held by the parties, either individually or jointly, are substantially affected. *Cady v. Cady,* 224 Kan. 339, 344, 581 P.2d 358 (1978). "[T]he filing of a petition for divorce or separate maintenance creates a species of common or co-ownership in one spouse in the jointly acquired property held by the other, the extent of which is determined by the trial court pursuant to K.S.A. 1972 Supp. 60–1610(b)." *Id.* The Kansas Supreme Court relied on *Cady* in *Smith v. AIFAM Enter., Inc.,* 241 Kan. 249, 737 P.2d 469 (1987). In *Smith,* the court held that because the wife had obtained rights in the husband's property when the divorce petition was filed, the husband's judgment creditor, who had filed suit after the filing of the divorce petition and obtained judgment be-

fore the divorce decree was entered, could not reach the property eventually awarded to the wife in the divorce. *Id.* 241 Kan. at 256, 737 P.2d 469. In this case when taxes were assessed, plaintiff and Billie Gardner became co-owners of the marital property, each having an undetermined interest in the property until the divorce decree was entered.[2]

The United States argues in effect that upon the filing of the divorce action, each spouse retained ownership in his or her separate property and acquired an inchoate attachment lien,[3] and notice of *lis pendens,* as to the separate property of the other. This argument ignores the reality of Kansas law. Under Kansas law, plaintiff's interest in the marital property was that of an owner and was no less choate than Billie Gardner's interest: both had a "vested, but undetermined, interest in all the property individually or jointly held." *Cady,* 224 Kan. at 344, 581 P.2d 358.

Second, the court must decide to what extent the United States can attach a tax lien to marital property as defined by Kansas law for the delinquent taxes of one spouse. This is a matter of federal law. *Rodgers,* 461 U.S. at 683, 103 S.Ct. at 2137. *See also United States v. Wingfield,* 822 F.2d 1466, 1472 (10th Cir.1987); *Rodriguez v. Escambron Dev. Corp.,* 740 F.2d 92, 96 (1st Cir.1984) ("effects, priority, enforcement, and extinguishment of a tax lien are federal concerns").

A federal tax lien attaches only to the property of the delinquent taxpayer. *Wingfield,* 822 F.2d at 1472. Therefore, the tax lien in this case could attach only to Billie Gardner's interest in the marital property. As stated above, according to Kansas law, the extent of Billie Gardner's interest was undetermined while the divorce action was pending. Therefore, until the property settlement was made and the divorce decree entered, it was unknown to what property the tax lien could attach. As it happened, the state court awarded virtually all marital property to plaintiff and thus determined that Billie Gardner had no rights in that property.

The government correctly notes that a transfer of property ownership subsequent to assessment of taxes does not affect a tax lien. *United States v. Cache Valley Bank,* 866 F.2d 1242, 1244–45 (10th Cir.1989). However, a tax lien cannot attach to any property that was transferred before the assessment. In this case the transfer of ownership occurred upon the filing of the divorce action. Under Kansas law, plaintiff came into her interest in all marital property at that time although the extent of that interest was to be determined later. Therefore, the tax lien in this case attaches to none of the property at issue.

Because there is no factual issue in dispute, and plaintiff's position is supported by the applicable law, plaintiff is entitled to summary judgment. Fed.R.Civ.P. 56(c).

The parties have agreed that the court should decide this action on the stipulated facts as set forth in the Pretrial Conference Order and the dispositive motions and as outlined above. These factual stipulations provided the necessary facts to decide the relative rights and interests of the plaintiff as to the United States. However, the factual stipulations in the Pretrial Conference Order do not appear to disclose the necessary factual information as to defendant First National Bank of Anthony's claimed right of setoff. Furthermore, the motions for summary judgment and supporting memoranda fail to address this claim. Therefore, the court cannot rule on the rights of the First National Bank of Anthony in the disputed property.

IT IS BY THIS COURT THEREFORE ORDERED that the defendant United States' motion for summary judgment (Doc. 13) is denied.

IT IS FURTHER ORDERED that the plaintiff's motion for summary judgment (Doc. 21) is granted.

---

**2.** The United States argues that the brand of co-ownership created is analogous to community property. Plaintiff argues that it is more similar to tenancy by the entirety. The court finds that there is little support for either analogy and that neither is particularly helpful.

**3.** A lien becomes choate "when the identity of the lienor, the property subject to the lien, and the amount of the lien are established." *United States v. Central Bank of Denver,* 843 F.2d 1300, 1307 (10th Cir.1988).