**In re Alva Leonard HARTMAN, Jr., Debtor.**

**No. 04–42526–JMK.**

United States Bankruptcy Court, D. Kansas.

Feb. 3, 2005.

Lloyd R. Graham, Junction City, KS, for debtor.

David P. Troup, Junction City, KS, for Creditor.

## MEMORANDUM AND ORDER DENYING CONFIRMATION

JANICE MILLER KARLIN,
Bankruptcy Judge.

This matter is before the Court on Jeanette Ewert's objection to confirmation of her former spouse's Chapter 13 plan.[1] A trial was held in December, 2004, the Court announced its decision at a hearing held January 26, 2005, and now codifies that oral ruling with this written decision. Plan confirmation is a core proceeding[2] over which this Court has jurisdiction.[3]

## I. FINDINGS OF FACT

Debtor, Alva Hartman (hereafter "Debtor") and Jeanette Ewert (hereafter "Ewert") were divorced August 25, 2004 when a final divorce decree was entered by the District Court of Geary County, Kansas. The state court orally announced its decision dividing the parties' marital assets on July 19, 2004, and it is not coincidental

that 43 days after the oral decision was announced, and just 16 days after the final decree was entered, Debtor filed his Chapter 13 petition (on September 10, 2004).

The relevant portions of the divorce decree are contained in paragraphs 7 and 13, as follows:

7. Petitioner [Debtor] shall be awarded as his sole and separate property, the real estate located at 4220 West Lyons Creek Road, Junction City, Kansas. . . .

13. To equalize the court's division of various property interests, the Respondent [Ewert] shall be granted judgment against Petitioner [Debtor] in the total sum of $56,910.00. Petitioner shall pay not less than $15,000.00 of the principal amount of said judgment on September 1, 2004. On or before September 1, 2005, and the first of September of the seven (7) consecutive years thereafter, Petitioner shall pay not less than $5,238.75 of the principal amount of said judgment, plus interest accruing each year on the unpaid principal amount of said judgment, until the entire unpaid principal amount and accrued interest has been paid in full. Interest shall accrue on the unpaid principal amount of said judgment at the statutory rate beginning September 1, 2004. Respondent shall be granted a judicial lien upon the real estate located at 4220 West Lyons Creek Road until said judgment is satisfied.

Ewert does not claim the $56,910 judgment is for alimony, maintenance or support, and it is clear to the Court that the judgment was granted to equalize the division of marital assets.

Debtor lists Ewert's $56,910 claim in Schedule F (unsecured non-priority

---

1. Doc. No. 15.

2. 28 U.S.C. § 157(b)(2)(L).

3. 28 U.S.C. § 1334.

claims). His Chapter 13 plan treats her claim as unsecured, and provides for payment as follows:

> SPECIAL NOTE: Jeanette K. Ewert has a judgment lien against the debtor's primary residence (his homestead). This creditor will be paid pro rata with all of the other unsecured creditors. When this creditor is paid her pro rata share, the judgment lien will be released.

A review of the plan suggests that unsecured creditors, as a class, will likely receive little, if any, distribution.

Ewert timely objected to confirmation of this plan. The primary bases for her objection are: 1) the plan incorrectly treats the judgment awarded to her by the divorce court as an unsecured claim, and 2) that the plan was not filed in good faith, because Debtor attempts to avoid a judgment lien granted to her in the Divorce decree. As subsets of the latter objection, Ewert notes the timing of the filing of the bankruptcy is suspect, when the timing is coupled with Debtor's expressed dissatisfaction with the state court's divorce decision. Ewert also presented evidence that Debtor engaged in pre-bankruptcy financial activities intended to prejudice her rights, that Debtor omitted significant information from his bankruptcy schedules and statement of financial affairs, and that Debtor has failed to use all of his disposable income to fund his plan.

## II. CONCLUSIONS OF LAW

■ Debtor seeks to avoid Ewert's judgment lien on his homestead, the parties' former marital residence, pursuant to 11 U.S.C. § 522(f)(1),[4] which provides, in pertinent part:

Notwithstanding any waiver of exemptions, but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(A) a judicial lien, other than a judicial lien that secures a debt—

(i) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement; and

(ii) to the extent that such debt—

(I) is not assigned to another entity, voluntarily, by operation of law, or otherwise; and

(II) includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support; ....

Debtor may thus avoid Ewert's lien only if he can prove three elements: (1) the lien is a judicial lien, (2) the lien impairs an exemption to which he is otherwise entitled; and (3) the lien was fixed on an interest of Debtor in the property before her judicial lien was fixed.[5]

The divorce decree expressly states that the subject lien is a judicial lien, so Debtor easily satisfies the first element. It is uncontroverted that the lien impairs Debtor's homestead, and thus the second ele-

---

4. All statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., unless otherwise specified.

5. *In re Rittenhouse,* 103 B.R. 250, 252 (D.Kan.1989).

ment is satisfied. Thus, the only real issue is whether § 522(f)(1) permits Debtor to avoid the fixing of Ewert's lien on the property interest that he obtained in the divorce decree. Ewert argues that a judicial lien can only be avoided when the lien attaches to a debtor's interest at some point after the debtor obtains that specific property interest.

 In a case with similar facts, the United States Supreme Court, in *Farrey v. Sanderfoot*,[6] analyzed § 522(f)(1). In deciding that the debtor in that case could not avoid his ex-spouse's judicial lien, the Court explained, as follows:

> The statute does not say that the debtor may undo a lien on an interest in property. Rather, the statute expressly states that the debtor may avoid "the fixing" of the lien on the debtor's interest in property. The gerund "fixing" refers to a temporal event. That event—the fastening of a liability—presupposes an object onto which the liability can fasten. The statute defines this pre-existing object as "an interest of the debtor in property." Therefore, unless the debtor had the property interest to which the lien attached at some time *before* the lien attached to that interest, he or she cannot avoid the fixing of the lien under the terms of § 522(f)(1).[7]

The Supreme Court further held that it was a question of state law whether the debtor had possessed an interest in the real property, to which the judicial lien attached, before that lien was fixed.[8]

 In a case similar to this one, *In re Hilt*,[9] Judge Flannagan had the opportunity to analyze Kansas law on the question of what property interest exists in each spouse immediately before, and then after, a divorce decree is entered. The divorce court granted Margaret Hilt the homestead, and granted her husband, Leonard Hilt, a money judgment to equalize the division of marital assets. That money judgment was expressly secured by a judicial lien on the homestead. Margaret Hilt then filed for Chapter 7 relief and claimed the homestead exempt under Kansas law. The case was later converted to a Chapter 13. Debtor sought to avoid her former spouse's judicial lien in the property, and the creditor to whom the former spouse had assigned his judicial lien objected to confirmation.

The bankruptcy court examined Kansas divorce law, found primarily in K.S.A. 60–1610(b), K.S.A. 23–201(b), and *Cady v. Cady*,[10] and determined that the filing of a divorce petition creates a species of common ownership in all property owned by either or both of the married persons at the time the divorce proceeding is initiated. The court further found when a divorce decree ultimately grants property to one spouse or the other, a wholly new fee simple interest is created, and it is that new fee simple interest to which the former spouse's judicial lien contemporaneously attaches. To satisfy this condition for lien avoidance, Margaret Hilt would have had to have a preexisting fee simple interest in the homestead, which under state law she did not have prior to the entry of the divorce decree. Instead, her preexisting interest was the common interest of both spouses in all the marital assets; that interest was necessarily extin-

---

**6.** 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991).

**7.** *Id.* at 296, 111 S.Ct. 1825 (emphasis in original).

**8.** *Id.* at 299, 111 S.Ct. 1825.

**9.** 175 B.R. 747 (Bankr.D.Kan.1994).

**10.** 224 Kan. 339, 581 P.2d 358 (1978).

guished upon the filing of the divorce decree.[11]

The *Hilt* court also considered the Congressional purpose behind lien avoidance, as did the Supreme Court in *Sanderfoot.* That purpose is to allow debtors to "undo the actions of creditors that bring legal action against the debtor shortly before bankruptcy. Bankruptcy exists to provide relief for an overburdened debtor. If a creditor beats the debtor into court, the debtor is nevertheless entitled to his exemptions."[12] The bankruptcy court compared the policy behind § 522(f)(1) with the state's paramount interest in obtaining a "just and reasonable division of property,"[13] for divorcing parties, and held that a fair reading of § 522(f)(1) also promotes the state's interest.

■ This court agrees with Judge Flannagan's analysis of state divorce law, as it impacts the application of § 522(f)(1). Under the facts of this case, a joint marital estate in the subject real property was created on the date Alva Hartman filed his divorce petition in both spouses, and in all other property owned by either spouse. The divorce decree, entered several months later, then granted Debtor a new fee simple interest in the real property, and that same decree simultaneously granted Ewert a judicial lien, with the obvious and expressed intent of equalizing the division of property. Because Debtor never possessed his new fee simple interest before her judicial lien was "fixed," he may not use § 522(f) to avoid her lien. This holding also serves to preserve the Geary County court's intent to justly and reasonably divide the marital property.

## III. OTHER CONFIRMATION ISSUES

Jeanette Ewert's objection to confirmation also challenges the plan on the basis of lack of good faith. Because the Court's ruling on lien avoidance will require Debtor to amend his plan, and Debtor may be able to cure some or all of the problems that Ewert contends bars confirmation with such an amended plan, the Court finds that the other objections to confirmation are not ripe for a decision at this time.

## IV. CONCLUSION

Ewert's objection to confirmation of Debtor's Chapter 13 plan is sustained, because the plan improperly treats her claim as an unsecured general claim, and because it improperly avoids her judicial lien under § 522(f)(1). Her judicial lien attached simultaneously with Debtor's post-divorce fee simple interest in the former marital homestead, and that lien is thus not avoidable.

Debtor is ordered to file a new plan, and amend his schedules if he deems amendment to any schedules is necessary to support the amended plan, within thirty days of the date the decision was orally announced, or by **February 25, 2005.** He shall also forthwith issue a notice of any amended plan or schedules, if any, with a 25–day objection deadline, so that there is sufficient time to hear the amended plan on the Chapter 13 docket **March 30, 2005 at 1:30 p.m.** If Debtor fails to timely amend his plan, the Court will treat that failure as an admission that he is unable or unwilling to propound a plan that is consistent with this opinion, and the provisions of § 1325. In that event, the Court will likely dismiss this case pursuant to

**11.** *In re Hilt,* 175 B.R. at 755.

**12.** *Farrey v. Sanderfoot,* 500 U.S. at 297–98, 111 S.Ct. 1825.

**13.** K.S.A. 60–1610(b).

§ 1307(c)(1), due to unreasonable delay by Debtor that is prejudicial to creditors.

IT IS, THEREFORE, ORDERED, that Jeanette Ewert's objection to confirmation of Debtor's plan is sustained, and that Debtor may amend that plan, within the time noted above.